CONSOLIDATED RAIL CORPORATION, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

THE STATE, EX REL. CONSOLIDATED RAIL CORPORATION, *v.* PUBLIC UTILITIES COMMISSION OF OHIO.

[Cite as Consolidated Rail Corp. *v.* Pub. Util. Comm. (1988), 40 Ohio St. 3d 252.]

(Nos. 87-1664 and 87-1837—Submitted November 14, 1988— Decided December 30, 1988.)

*Thomas R. Skulina, Sheila A. McKeon* and *Daniel F. Donovan,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Robert S. Tongren* and *David C. Champion,* for appellee.

*Per Curiam.* Three questions are presented for our review. The first is whether the appellant's notice of appeal is sufficient to confer jurisdiction on this court to consider the merits of case No. 87-1664. A second, related question is whether the notice of appeal places the commission under a duty to transmit the documents underlying case No. 87-1664. The final question presented is whether Consolidated Rail's complaint for a writ of mandamus in case No. 87-1837 should be denied as untimely.

For the reasons that follow, we find that the notice of appeal confers jurisdiction on this court, that the commission is under a duty to comply with the requirements of R.C. 4903.21, and that the writ of mandamus should be allowed.

The commission maintains that we are without subject-matter jurisdiction to consider the merits of case No. 87-1664 because the caption on the notice of appeal does not designate it as "the appellee." The commission argues that this error renders the notice of appeal fatally defective since it was not filed "against the commission" in strict compliance with R.C. 4903.13, which provides in part:

"A final order made by the public utilities commission shall be reversed, vacated, or modified by the supreme court on appeal, if, upon consideration of the record, such court is of the opinion that such order was unlawful or unreasonable.

"The proceeding to obtain such

reversal, vacation, or modification *shall be by notice of appeal, filed with the public utilities commission by any party to the proceeding before it, against the commission,* setting forth the order appealed from and the errors complained of." (Emphasis added.)

Although we agree that the phrase "against the commission," as used in R.C. 4903.13, is intended to require that a notice of appeal caption the commission as "the appellee," we disagree that failure to satisfy this provision renders us without jurisdiction.

In *Akron Standard Div.* v. *Lindley* (1984), 11 Ohio St. 3d 10, 11 OBR 9, 462 N.E. 2d 419, we held that the lack of a verified signature in an otherwise satisfactory reassessment petition does not prevent the attachment of jurisdiction. We concluded that the requirement for verification serves no essential purpose and that substantial compliance with R.C. 5739.13 had taken place.

In *Mullins* v. *Whiteway Mfg. Co.* (1984), 15 Ohio St. 3d 18, 15 OBR 15, 471 N.E. 2d 1383, we held that the requirement in R.C. 4123.519 for inclusion of the date of the decision appealed from in a workers' compensation notice of appeal is nonjurisdictional. We found that the appellant had fully complied with all other provisions of R.C. 4123.519 and that the purpose of the date requirement is not sufficiently important to require dismissal for failure to include it. *Id.* at 20, 15 OBR at 17, 471 N.E. 2d at 1385.

We went on to state in *Mullins* that an inflexible standard is not appropriate in all circumstances and that "certain mitigating factors are to be considered when examining the sufficiency of a notice of appeal. These factors include whether appellant has substantially complied with the statutory appeal provisions and whether the purpose of the unsatisfied

provision is sufficiently important to require compliance for jurisdictional purposes." *Id.* at 20-21, 15 OBR at 17, 471 N.E. 2d at 1386. See, also, *Wells* v. *Chrysler Corp.* (1984), 15 Ohio St. 3d 21, 15 OBR 18, 472 N.E. 2d 331; *State, ex rel. Ormet Corp.,* v. *Burkhart* (1986), 25 Ohio St. 3d 112, 25 OBR 160, 495 N.E. 2d 422; *Fisher* v. *Mayfield* (1987), 30 Ohio St. 3d 8, 30 OBR 16, 505 N.E. 2d 975; *State, ex rel. Ernest Auto Body Shop,* v. *Fuerst* (1987), 30 Ohio St. 3d 138, 30 OBR 449, 507 N.E. 2d 1128; and *In re Application of G&B Anderson, Inc.* (1988), 38 Ohio St. 3d 96, 102, 526 N.E. 2d 792, 797-798.

We do not believe that the inflexible standard proposed by the commission would be appropriate in this case. Rather, consistent with the previously discussed decisions, mitigating factors should be considered when examining the sufficiency of Consolidated Rail's notice of appeal.

First, the provision at issue is not sufficiently important to require compliance for jurisdictional purposes. In an appeal from an order of the Public Utilities Commission, the commission is "the appellee." Assigning it this designation in the caption, although appropriate, is nonessential. Even the commission offers no explanation as to its purpose. We conclude, therefore, that this particular provision is nonjurisdictional.

Second, Consolidated Rail has fully complied with all other provisions set forth in R.C. 4903.13. The appellant's notice of appeal "[t]o the Public Utilities Commission of Ohio" was served on the Attorney General at the commission's offices, was timely filed with this court and with the appellee's docketing division, and recites Consolidated Rail's intention to appeal from a specified order, detailing the reasons therefor. Substantial com-

pliance with the requirements of R.C. 4903.13 has been demonstrated.

Next, the commission argues that the notice of appeal placed it under no duty to comply with R.C. 4903.21, which provides:

"Upon service or waiver of the notice of appeal as provided in section 4903.13 of the Revised Code, the public utilities commission shall forthwith transmit to the clerk of the supreme court a transcript of the journal entries, the original papers or transcripts thereof, and a certified transcript of all evidence adduced upon the hearing before the commission in the proceeding complained of, which documents shall be filed in said court."

However, since we have found that the notice of appeal was not fatally defective, it follows that when timely served with a copy, the commission was under a duty to transmit the documents from case No. 85-702-RR-CSS as required by R.C. 4903.21.

Last, the commission argues that under Section 3, Rule I of the Supreme Court Rules of Practice, this court has interpreted R.C. 4903.21 to require that a complaint for a writ of mandamus to compel the transmittal of the original papers be filed within thirty days of the service of notice of appeal.

Section 3, Rule I provides:

"The notice of appeal from the Public Utilities Commission must be filed with that commission and with the Supreme Court within the time specified in R.C. 4903.11.

"The word 'forthwith' as used in R.C. 4903.21, providing that upon service or waiver of notice of appeal the commission shall forthwith transmit to the Clerk of the Supreme Court a complete transcript of the proceedings, is declared by this Court to mean a period of thirty days and if at the ex-piration of thirty days such transcript has not been filed or a writ of mandamus requested to compel the commission to file such transcript, the appeal shall be dismissed."

Because Consolidated Rail did not file its complaint until thirty-one days after serving notice of its appeal, the commission concludes that the complaint should be denied and the appeal dismissed. We disagree.

Where, as here, there has been no showing of a lack of diligence, disregard for court proceedings, or prejudice resulting from the alleged tardy filing, dismissal would be disproportionate to any error the appellant may have made. See, *e.g.*, *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 23 O.O. 3d 210, 431 N.E. 2d 644; *Reichert* v. *Ingersoll* (1985), 18 Ohio St. 3d 220, 18 OBR 281, 480 N.E. 2d 802; *Hawkins* v. *Marion Correctional Institute* (1986), 28 Ohio St. 3d 4, 28 OBR 3, 501 N.E. 2d 1195; *State* v. *Newcome* (1986), 28 Ohio St. 3d 7, 28 OBR 5, 501 N.E. 2d 1197; *National Mut. Ins. Co.* v. *Papenhagen* (1987), 30 Ohio St. 3d 14, 30 OBR 21, 505 N.E. 2d 980; and *Norton* v. *Galion* (1987), 30 Ohio St. 3d 129, 30 OBR 442, 508 N.E. 2d 149.

Having met the test reiterated in *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 6 OBR 50, 451 N.E. 2d 225, certiorari denied (1983), 464 U.S. 1017, Consolidated Rail's complaint for the issuance of a writ of mandamus should be allowed. Relator has demonstrated (1) that it has a clear legal right to the relief prayed for, (2) that respondent is under a clear legal duty to perform the act, and (3) that relator has no plain and adequate remedy in the ordinary course of the law.

The commission's motions to dismiss are overruled. Consolidated Rail's motion to amend the notice of

256

appeal is also denied. The notice of appeal is sufficient. Appellant's request for issuance of a writ of mandamus is allowed.

*Motions to dismiss denied in case Nos. 87-1664 and 87-1837.*

*Motion to amend notice of appeal denied in case No. 87-1664.*

*Writ allowed in case No. 87-1837.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.