WITT ET AL., APPELLANTS, *v.* OHIO INSURANCE GUARANTY ASSOCIATION, APPELLEE.

[Cite as *Witt v. Ohio Ins. Guar. Assn.,*
103 Ohio St.3d 557, 2004-Ohio-5846.]

(Nos. 2003–0363 and 2003–0457—Submitted October 13, 2004—Decided November 17, 2004.)

{¶ 1} The judgment of the court of appeals is reversed and the cause is remanded for disposition in accordance with *Katz v. Ohio Ins. Guar. Assn.*, 103 Ohio St.3d 4, 2004-Ohio-4109, 812 N.E.2d 1266.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and O'CONNOR, JJ., concur.

LUNDBERG STRATTON, J., dissents.

O'DONNELL, J., not participating.

**LUNDBERG STRATTON, J., dissenting.**

{¶ 2} Because I agree with the analysis of the court of appeals that only one covered claim exists for purposes of Ohio Insurance Guaranty Association's ("OIGA") exposure, I respectfully dissent. In *Katz v. Ohio Ins. Guar. Assn.*, 103 Ohio St.3d 4, 2004-Ohio-4109, 812 N.E.2d 1266, I dissented from that part of the majority's judgment that obligated OIGA to pay more than the statutory maximum limit of $300,000 for one medical malpractice action. For the same reasons here, I do not agree that OIGA should be obligated for more than one covered claim in this matter.

Berns, Ockner & Greenberger, L.L.C., Sheldon I. Berns and Paul M. Greenberger, for appellants.

Vorys, Sater, Seymour & Pease, L.L.P., F. James Foley and Lisa Babish Forbes, for appellee.