THE STATE EX REL. CINCINNATI BELL TELEPHONE COMPANY
*v.* PUBLIC UTILITIES COMMISSION OF OHIO.

[Cite as *State ex rel. Cincinnati Bell Tel. Co. v. Pub. Util. Comm.*, 105 Ohio St.3d 177, 2005-Ohio-1150.]

(No. 2004–1122—Submitted January 11, 2005—Decided March 30, 2005.)

**Per Curiam.**

{¶ 1} On November 5, 2003, Time Warner Cable Information Services (Ohio), L.L.C. ("Time Warner"), applied to respondent, Public Utilities Commission of Ohio, for a certificate of public convenience and necessity authorizing Time Warner to provide local and interexchange voice services in Ohio using Voice over

Internet Protocol ("VoIP"). VoIP "allows customers to place and receive voice transmissions routed over the Internet." *Vonage Holdings Corp. v. Minnesota Pub. Util. Comm.* (D.Minn.2003), 290 F.Supp.2d 993, 995. "Traditional telephone companies use circuit-switched technology. * * * A person using a traditional telephone, or plain old telephone service ('POTS'), is connected to the public switched telephone network ('PSTN'), which is operated by local telephone companies. Voice communication using the Internet has been called Internet Protocol ('IP') telephony, and rather than using circuit switching, it utilizes 'packet switching,' a process of breaking down data into packets of digital bits and transmitting them over the Internet." Id. at 995.

{¶ 2} In November 2003, various entities, including relator, Cincinnati Bell Telephone Company ("Cincinnati Bell"), moved to intervene in Time Warner's case, which was designated as commission case No. 03–2229–TP–ACE. Cincinnati Bell opposed Time Warner's application on the basis that Time Warner should be subject to the same regulatory requirements as local exchange telephone companies.

{¶ 3} On December 17, 2003, the commission deferred the resolution of Time Warner's application until the commission decides case No. 03–950–TP–COI, *In re Comm. Investigation into Voice Services Using Internet Protocol,* which is the commission's generic investigation into its jurisdiction over VoIP providers, the resolution of which, it said, may be affected by litigation and federal regulation. The commission further authorized Time Warner to provide the VoIP services specified in its application pending resolution of case No. 03–950–TP–COI.

{¶ 4} On January 16, 2004, Cincinnati Bell applied for a rehearing of the commission's December 17, 2003 order. Cincinnati Bell raised several grounds in alleging that the commission had acted unreasonably and unlawfully by "authorizing [Time Warner] to provide telephone service in Ohio without a certificate of public convenience and necessity," by "providing [Time Warner] with unjustified regulatory advantages," and by "not requiring [Time Warner] to comply with equal access rules which, by statute, are not waivable."

{¶ 5} On February 11, 2004, the commission, by entry, denied Cincinnati Bell's and the other entities' applications for rehearing. The commission noted that despite the language in its December 17, 2003 entry authorizing Time Warner to provide VoIP services, it had not granted Time Warner's certification application or any operating authority:

{¶ 6} "In our December 17, 2003 Entry, we merely meant to convey that, pending the resolution of the jurisdictional issue, [Time Warner] should retain, not unlike each of these other entities [using VoIP], its ability to operate in the manner of its own choosing, and that [Time Warner's] ability to do so should not be impacted by the fact that it has, unlike most of these other entities, filed a

certification application in which it publicly notified the Commission of the manner in which it intends to operate and of its intent to substantially comply with our rules."

{¶ 7} On March 12, 2004, Cincinnati Bell filed another application for rehearing in the Time Warner case, this time seeking rehearing of the commission's February 11, 2004 entry denying Cincinnati Bell's first application for rehearing. Cincinnati Bell claimed that the commission erred because it "fails to recognize that [Time Warner] would be a telephone company under Ohio law," "implies that [Time Warner] may operate as a telephone company without a certificate of public convenience and necessity," and "implies that [Time Warner] may operate out of compliance with the Commission's rules without waivers." Cincinnati Bell specified that it was challenging the commission's February 11, 2004 order on rehearing rather than the commission's December 17, 2003 order. Cincinnati Bell's second application for rehearing was denied by operation of law because the commission took no action on it within 30 days of its filing. See R.C. 4903.10.

{¶ 8} On June 9, 2004, Cincinnati Bell filed a notice of appeal in this court from the commission's February 11, 2004 entry on rehearing and the denial by operation of law of Cincinnati Bell's March 12, 2004 application for rehearing. On that same day, Cincinnati Bell filed a copy of its notice of appeal with the commission's docketing division, which docketed it in the Time Warner case. Although the docketing division required only one copy of a notice of appeal, Cincinnati Bell's counsel left several extra copies of the notice of appeal with the docketing division in order to provide the required service. A clerk with the docketing division informed Cincinnati Bell's attorney that a copy would be distributed to the office of the commission's counsel—the Attorney General.

{¶ 9} Cincinnati Bell's notice of appeal included an attached certificate of service certifying service of the notice on the parties' counsel in the Time Warner case by U.S. mail, but it did not certify that service had been perfected on the chairman of the commission, any commissioner, or the Attorney General. The appeal is captioned as *Cincinnati Bell Tel. Co. v. Pub. Util. Comm.*, case No. 2004–0925. The commission did not transmit a transcript of the proceeding in the Time Warner case (case No. 03–2229–TP–ACE) within 30 days of service of the notice of appeal.

{¶ 10} On July 12, 2004, which was 33 days after service of its notice of appeal, Cincinnati Bell filed a complaint in this court. Cincinnati Bell requested a writ of mandamus to compel the commission to transmit to the clerk of this court a complete transcript of the proceeding in case No. 03–2229–TP–ACE for inclusion in the record in its appeal. On August 5, 2004, the commission moved to dismiss Cincinnati Bell's mandamus action. On that same date, Time Warner, as an amicus curiae, filed a memorandum in support of the commission's dismissal

motion. On August 16, 2004, Cincinnati Bell filed a memorandum in opposition to the commission's dismissal motion, attaching an affidavit of its counsel, Douglas E. Hart, to its memorandum. The commission moved to strike the attached affidavit and related portions of the memorandum.

{¶ 11} On September 29, 2004, we granted the commission's motion to strike, denied the commission's motion to dismiss, and granted an alternative writ. *State ex rel. Cincinnati Bell Tel. Co. v. Pub. Util. Comm.*, 103 Ohio St.3d 1459, 2004-Ohio-5056, 815 N.E.2d 676. Cincinnati Bell subsequently filed its evidence, which included an affidavit of Hart that was similar to the one previously stricken and an affidavit of one of its vice presidents stating that on October 6, he personally served a copy of the June 9 notice of appeal on the commission chairman. The commission filed no evidence.

{¶ 12} This cause is now before the court for our consideration of the merits.

### Mandamus: R.C. 4903.21 and S.Ct.Prac.R. V(4)

{¶ 13} In order to be entitled to the requested writ of mandamus, Cincinnati Bell must establish a clear legal right to the transmission of the commission transcript, a corresponding clear legal duty on the part of the commission to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 16.

{¶ 14} R.C. 4903.21 imposes a duty upon the commission to transmit to the clerk of this court a transcript of the commission proceedings upon service or waiver of service of the notice of appeal in accordance with R.C. 4903.13:

{¶ 15} *"Upon service or waiver of the notice of appeal as provided in section 4903.13 of the Revised Code,* the public utilities commission shall forthwith transmit to the clerk of the supreme court a transcript of the journal entries, the original papers or transcripts thereof, and a certified transcript of all evidence adduced upon the hearing before the commission in the proceeding complained of, which documents shall be filed in said court." (Emphasis added.)

{¶ 16} If the commission does not transmit the transcript within 30 days of service of the notice of appeal, the appellant may request a writ of mandamus within three days after the 30th day. S.Ct.Prac.R. V(4) ("The word 'forthwith' as used in section 4903.21 of the Revised Code, providing that upon service or waiver of service of the notice of appeal the Public Utilities Commission shall forthwith transmit to the Clerk of the Supreme Court a complete transcript of the proceeding, shall mean a period of 30 days. If at the expiration of 30 days the transcript has not been filed, the appellant shall have an additional three days in which to file a complaint in the Supreme Court for a writ of mandamus to compel the Commission to file the transcript").

{¶ 17} Cincinnati Bell requests a writ of mandamus in accordance with S.Ct.Prac.R. V(4) and R.C. 4903.21. The commission asserts that the writ should be denied because Cincinnati Bell did not comply with R.C. 4903.13, the appeal was from interlocutory orders, and the appeal was not timely. For the reasons that follow, we reject the commission's contentions and grant the writ of mandamus.

## Propriety of Hart Affidavit

{¶ 18} Before the court considers the commission's primary arguments, we must first address the commission's contention that the affidavit of Cincinnati Bell's counsel, Douglas E. Hart, filed as part of its evidence, should not be considered because it is similar to the affidavit previously stricken by the court and it contains inadmissible legal conclusions and hearsay.

{¶ 19} The commission's argument lacks merit. Our previous decision striking Hart's affidavit was based on the determination that under S.Ct.Prac.R. X(5) and Civ.R. 12(B)(6), we are confined to the material factual allegations of the complaint. See, e.g., *Tatman v. Fairfield Cty. Bd. of Elections*, 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 13; *Butler v. Jordan* (2001), 92 Ohio St.3d 354, 356, 750 N.E.2d 554, fn. 4. Because Hart's initial affidavit was not attached to the complaint, we could not consider it in our S.Ct.Prac.R. X(5) determination and thus struck it. See *State ex rel. Moore v. Malone*, 96 Ohio St.3d 1458, 2002-Ohio-3840, 772 N.E.2d 641 (striking affidavits attached to motion to dismiss for S.Ct.Prac.R. X(5) determination in mandamus action); *State ex rel. Keller v. Cox* (1999), 85 Ohio St.3d 279, 281, 707 N.E.2d 931 (court of appeals erred in failing to strike attached affidavit and unsworn factual allegations in memorandum in support of dismissal of mandamus action). But our decision did not preclude Cincinnati Bell from introducing a similar affidavit as part of its evidence after the court granted an alternative writ. Our decision on the merits after the submission of evidence and briefs is more expansive than our limited determination under S.Ct.Prac.R. X(5).

{¶ 20} Further, Hart's affidavit contains admissible evidence. Under S.Ct. Prac.R. X(7), affidavits submitted in original actions in this court "shall be made on personal knowledge, setting forth facts admissible in evidence, and showing affirmatively that the affiant is competent to testify to all matters stated in the affidavit." See, also, *State ex rel. Nix v. Cleveland* (1998), 83 Ohio St.3d 379, 384, 700 N.E.2d 12. Hart's affidavit specifies that it is made on his "own personal knowledge" and that he is "competent to testify to the * * * events described [because they] are actions that [he] took personally or actions that [he] witnessed personally."

{¶ 21} Notwithstanding the commission's claims, Hart's affidavit statements that "to provide service per R.C. 4903.13," he "left several extra copies of the

Notice of Appeal with the clerk in the Commission's Docketing Division at the Commission's offices in Columbus" and that the "docketing clerk told [him] they would distribute a copy to the Attorney General's office" set forth facts admissible in evidence. Hart could properly testify about his own actions—leaving several copies of the notice of appeal with a commission employee—as well as his subjective intent for those actions—to provide service in accordance with R.C. 4903.13. Manifestly, the legal issue of whether Hart's actions actually effected service pursuant to R.C. 4903.13 is not resolved by this statement, but evidence indicating his intent in performing certain acts is admissible.

{¶ 22} And the commission employee's response that a copy would be distributed to the commission's attorney was not hearsay. Evid.R. 801(D)(2)(d) (a statement offered against a party is not hearsay if it is "a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship"). For example, in *Davis v. Sun Refining & Marketing Co.* (1996), 109 Ohio App.3d 42, 54, 671 N.E.2d 1049, the court of appeals held that statements in which a witness "plainly identified the [unnamed] declarant as an employee of [a company]" and "further identified the office and department in which the representative was employed" did not constitute hearsay. See, generally, 2 Giannelli & Snyder, Evidence (2d Ed.2001) 42, Section 801.26 ("If the agency relationship is established, the statement is admissible even if the agent remains unidentified"). Hart's affidavit identified the unnamed person as an employee of the docketing division of the commission, and the employee's statement that the extra copies left with the division would be delivered to the commission's attorney concern matters within the scope of employment. See *Davis*, 109 Ohio App.3d at 53, 671 N.E.2d 1049.

{¶ 23} Therefore, we consider Hart's affidavit as evidence in evaluating Cincinnati Bell's mandamus claim.

### R.C. 4903.13

{¶ 24} The commission initially asserts that its duty under R.C. 4903.21 to transmit the transcript in the Time Warner case did not arise, because Cincinnati Bell did not comply with R.C. 4903.13 in serving its notice of appeal. R.C. 4903.13 specifies that the notice of appeal shall be served, unless waived, as follows:

{¶ 25} "The notice of appeal shall be served, unless waived, upon the chairman of the commission, or, in the event of his absence, upon any public utilities commissioner, or by leaving a copy at the office of the commission in Columbus."

{¶ 26} The commission claims that because Cincinnati Bell did not serve the notice of appeal on either the chairman of the commission or a commissioner, Cincinnati Bell did not comply with R.C. 4903.13. The commission construes

R.C. 4903.13 so that the clause concerning the contingency of the absence of the commission chairman modifies both of the remaining service options: serving any commissioner or leaving a copy at the commission's Columbus office.

{¶ 27} The commission's contention lacks merit. R.C. 4903.13 specifies the following independent options for proper service, unless waived, of the notice of appeal: (1) service upon the commission chairman, (2) in the chairman's absence, service upon any commissioner, or (3) service by leaving a copy of the notice of appeal at the commission office in Columbus. The commission's contrary construction of R.C. 4903.13 would in effect delete the comma separating the final two options. See, generally, Garner, A Dictionary of Modern Legal Usage (2d Ed.1995) 714 (a comma is used to separate items in a list of more than two and to mark the ending of a parenthetical phrase, but is not needed when the subject of the second independent clause is the same as in the first). Therefore, the commission's interpretation of R.C. 4903.13 is not in accordance with the court's duty to "read words and phrases in context according to the rules of grammar and common usage." *State ex rel. Lee v. Karnes,* 103 Ohio St.3d 559, 2004-Ohio-5718, 817 N.E.2d 76, ¶ 23.

{¶ 28} Cincinnati Bell complied with the last of the statutory service options by leaving copies of its notice of appeal with the commission's docketing division in Columbus for delivery to the Attorney General. Cf. *Consol. Rail Corp. v. Pub. Util. Comm.* (1988), 40 Ohio St.3d 252, 254, 533 N.E.2d 317 (appellant complied with R.C. 4903.13 by serving notice of appeal on the Attorney General at the commission's offices). There is also no evidence that the commission lacked notice of the filing of Cincinnati Bell's appeal, which supports Cincinnati Bell's argument that the docketing division did in fact properly serve the commission's attorney with a copy of the notice of appeal. The commission introduced no evidence to the contrary.

{¶ 29} Therefore, Cincinnati Bell complied with the R.C. 4903.13 service requirement. Based on this conclusion, the court need not consider Cincinnati Bell's alternative arguments that it also served the commission in compliance with R.C. 4903.13 by simply filing the notice of appeal with the commission's docketing division or by subsequently serving the commission chairman with a copy of its June 9, 2004 notice of appeal on October 6, 2004.

### Commission's Arguments Concerning Jurisdiction of Court in Cincinnati Bell's Appeal

{¶ 30} The commission next asserts that it has no duty to transmit a transcript of the proceedings because the court lacks jurisdiction over Cincinnati Bell's appeal in case No. 2004–0925. The commission argues that the commission orders appealed by Cincinnati Bell do not constitute final appealable orders and that Cincinnati Bell's appeal was not timely. The commission's recent practice of

refusing to transmit a transcript of proceedings on appeal when it believes that the appeal is either not from a final appealable order or is untimely has evidently spawned other recently filed mandamus actions seeking to compel the commission to file transcripts in appeals to this court from commission orders. See *State ex rel. Ohio Consumers' Counsel v. Pub. Util. Comm.*, case No. 2004–1855, filed Nov. 3, 2004, and *State ex rel. Maumee v. Pub. Util. Comm.*, case No. 2004–1864, filed Nov. 5, 2004.

{¶ 31} As noted previously in analyzing R.C. 4903.13, we read words and phrases in context and construe them according to the rules of grammar and common usage. *Maschari v. Tone*, 103 Ohio St.3d 411, 2004-Ohio-5342, 816 N.E.2d 579, ¶ 12. Under R.C. 4903.21, upon service or waiver of service of the notice of appeal pursuant to R.C. 4903.13, the commission "shall forthwith transmit" the transcript to the clerk of this court. " '[T]he word "shall" shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that [it] receive a construction other than [its] ordinary usage.' " *Ohio Civ. Rights Comm. v. Countrywide Home Loans, Inc.*, 99 Ohio St.3d 522, 2003-Ohio-4358, 794 N.E.2d 56, ¶ 4, quoting *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus. There is no clear and unequivocal legislative intent that R.C. 4903.21 receive anything but a mandatory construction.

{¶ 32} After applying these rules of construction, it is manifest that R.C. 4903.21 conditions the commission's duty to transmit a transcript of the proceeding only upon "service or waiver [of service] of the notice of appeal as provided in" R.C. 4903.13. By statute the commission must transmit the transcript in an appeal despite a lack of jurisdiction—perceived or real—by this court over the appeal. Adopting the commission's argument would add the appealability of a commission order as a condition to its duty under R.C. 4903.21. But we cannot add this condition to the statute. See *State v. Hughes* (1999), 86 Ohio St.3d 424, 427, 715 N.E.2d 540 ("In construing a statute, we may not add or delete words"). And issues concerning the appealability of the commission's orders are better addressed in the appeal itself than in a collateral proceeding like mandamus. See, e.g., *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, 103 Ohio St.3d 398, 2004-Ohio-5466, 816 N.E.2d 238 (dismissal of appeal from commission orders that were not final appealable orders).

{¶ 33} Therefore, we need not address the commission's remaining claims. Based on the foregoing, Cincinnati Bell has established a clear legal right to the transmission of the complete transcript of the Time Warner case to the clerk of this court in case No. 2004–0925, a clear legal duty on the part of the commission to transmit the transcript, and the lack of an adequate remedy in the ordinary course of the law.

{¶ 34} Accordingly, we grant the requested writ of mandamus to compel respondent to transmit a complete transcript of the Time Warner case (case No. 03–2229–TP–ACE) to the clerk of this court for filing in case No. 2004–0925 based on R.C. 4903.21 and S.Ct.Prac.R. V(4). Leaving a copy of the notice of appeal with the commission complied with R.C. 4903.13. Furthermore, R.C. 4903.21 does not condition the commission's duty to transmit a transcript of the commission proceeding on whether this court has jurisdiction over the appeal. That issue is better addressed in the appeal itself.

Writ granted.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

RESNICK, J., not participating.

---

Frost Brown Todd, L.L.C., and Douglas E. Hart, for relator.

Jim Petro, Attorney General, Duane Luckey, Senior Deputy Attorney General, Steven T. Nourse and Matthew J. Satterwhite, Assistant Attorneys General, for respondent.

Vorys, Sater, Seymour & Pease, L.L.P., Michael Thomas and Stephen M. Howard, urging dismissal on behalf of amicus curiae, Time Warner Cable Information Services (Ohio), L.L.C.