THE STATE EX REL. CITIZENS FOR OPEN, RESPONSIVE
& ACCOUNTABLE GOVERNMENT v. REGISTER.

[Cite as *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542.]

---

(No. 2007–0238—Submitted August 14, 2007—Decided October 24, 2007.)

**Per Curiam.**

{¶ 1} This is an original action for a writ of mandamus to compel a township fiscal officer to prepare, file, and maintain full and accurate minutes and records relating to meetings of and resolutions adopted by the Pierce Township Board of Trustees and to include an annual township financial statement in the board minutes and post a copy of the statement at the township polling places for each general election. Because the fiscal officer has no duty to correct mistakes in resolutions that were expressly adopted by the board and also has no duty regarding annual financial statements absent an annual settlement of accounts by the board, we deny the writ in most respects. We grant the writ in those few instances in which the fiscal officer made mistakes in her certification of certain resolutions.

{¶ 2} Relator, Citizens for Open, Responsive & Accountable Government, is an association of individuals organized to monitor, ensure, and enforce compliance by all governments, public offices, bodies, and officials with all laws and court decisions to promote the openness, responsiveness, and accountability of these entities and individuals. Respondent, Karen Register, is the Pierce Township fiscal officer—formerly known as the Pierce Township clerk—and has held that position since January 2000.

### May 11, 2004 Meeting

{¶ 3} At its regular meeting on May 11, 2004, the Pierce Township Board of Trustees adopted Resolution Nos. 04–005, 04–006, and 04–007. The forms approved by the board incorrectly specified March 9, 2004—instead of May 11, 2004—as the date of the meeting at which the board adopted the resolutions. In addition, the forms for Resolution Nos. 04–006 and 04–007 contained no substantive provisions.

{¶ 4} Register, in her capacity as township clerk, certified that the addenda were true and correct copies of Resolution Nos. 04–005, 04–006, and 04–007, as passed by the board on May 11, 2004. Register did not draft or prepare the resolutions or the addenda.

### August 2, 2004 Meeting

{¶ 5} At its special meeting on August 2, 2004, the board adopted Resolution Nos. 04–016 and 04–017. The resolutions incorrectly designated August 10, 2004, as the adoption date. Register certified that the resolutions were passed on August 10, 2004. Register did not draft or prepare the resolutions.

### August 10, 2004 Meeting

{¶ 6} At its August 10, 2004 regular meeting, the board adopted Resolution Nos. 04–018 and 04–019. The board approved the forms for these resolutions, which were attached as addenda to the meeting minutes. The forms for Resolution Nos. 04–018 and 04–019 contained no substantive provisions. Register certified that the forms were true and correct copies of the resolutions. But she also certified copies of these resolutions that did contain substantive provisions. Register did not prepare or draft the forms of Resolution Nos. 04–018 and 04–019 that lacked substantive provisions.

### December 7, 2004 Meeting

{¶ 7} At its December 7, 2004 special meeting, Steve Strosnider, then a trustee, seconded a motion to adopt Resolution No. 04–024, which was unanimously adopted. Register certified a copy of the resolution that incorrectly noted that another trustee had seconded the motion and that Strosnider did not vote on the resolution. Register did not draft or prepare the resolution.

### Township Financial Statements

{¶ 8} In her capacity as township fiscal officer and clerk, Register has never made or entered into the board minutes an annual detailed statement of the township receipts and expenditures for the preceding year, including the amount of money received and expended for each district in the township, the receipts and expenditures of the board of education of the local school district, the source from which the monies were received, to whom they were paid, for what they were expended, and, in detail, all liabilities. Register has also never posted copies of this statement at each township polling place. The township officers have never provided Register with any document designated as an annual settlement of accounts.

### Mandamus Case

{¶ 9} On February 7, 2007, Citizens filed this action for a writ of mandamus to compel Register (1) to prepare, file, and maintain full and accurate minutes and records relating to the meetings of, and resolutions adopted by, the township board, and (2) to record the annual financial statement in the board minutes and post a copy of the statement at each township polling place for each general election. Citizens also requests an award of attorney fees. Register filed a motion to dismiss, and Citizens filed a memorandum in opposition. We granted an alternative writ. Register failed to submit a brief.

{¶ 10} This cause is now before us for our consideration of the merits as well as certain motions relating to discovery issues.

Discovery Motions: Protective Order and Sanctions

{¶ 11} On May 2, 2007, we granted an alternative writ and ordered the parties to submit their evidence within 20 days. *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register,* 113 Ohio St.3d 1485, 2007-Ohio-1986, 865 N.E.2d 911. On May 7, Citizens' counsel, Curt C. Hartman, delivered a copy of a proposed statement of agreed facts to the office of Register's attorney, Clermont County Assistant Prosecuting Attorney Elizabeth Mason. Mason informed Hartman that she would agree to only a few of the proposed facts. The next day, Hartman e-mailed a slightly revised proposed statement of agreed facts to Mason, and Mason responded, reiterating that she would agree to just a few of the proposed facts.

{¶ 12} In an e-mail response to Mason, Hartman requested that Mason "identify specifically why the other proposed statements are in bona fide dispute" and stated that if the parties were unable to agree to the facts, he would depose Register on either Friday, May 11, or Monday, May 14.

{¶ 13} Mason responded by requesting an electronic copy of Hartman's proposed statement of facts and stating that she would get her version of the proposed statement to Hartman by Friday, May 11. Early the same morning, Hartman e-mailed an electronic version of the proposed agreed statement of facts to Mason.

{¶ 14} Despite her prior representation, Mason did not provide her version of the proposed statement of facts to Hartman when promised. On Friday afternoon, Hartman visited Mason's office and told an administrative assistant that he wanted to speak with Mason. Upon being advised that Mason had left for the day, Hartman served a copy of a notice of deposition of Register for Tuesday, May 15, at 10:00 a.m. Hartman specifically told the administrative assistant that he was serving notice for the following Tuesday, and the assistant indicated that she would immediately place the notice on Mason's desk.

{¶ 15} Hartman was present with a court reporter for the scheduled deposition of Register, but neither Mason nor Register appeared. Hartman made several unsuccessful attempts to contact Mason.

{¶ 16} Two days afterwards, Register filed a motion for a protective order under Civ.R. 26(C). Register requested an order protecting her from (1) "any further unilateral notices of deposition and requiring Relator's counsel to confer with Respondent's counsel before issuing any notices of deposition and/or subpoenas to parties or witnesses" and (2) "any request for sanctions and/or penalties which Relator or its counsel may make resulting from the failure of the deposition to go forward on Tuesday, May 15." Register's counsel claimed in the memorandum that she had been out of the office for an all-day deposition in Dayton on Monday, May 14, and did not return to her office until Tuesday, May 15, at 11:00

a.m., when she first saw the notice of deposition. Although Register's counsel attached her affidavit to the motion, the affidavit did not specify that it was made on her personal knowledge. S.Ct.Prac.R. X(7); *State ex rel. Cincinnati Bell Tel. Co. v. Pub. Util. Comm.*, 105 Ohio St.3d 177, 2005-Ohio-1150, 824 N.E.2d 68, ¶ 20. Citizens filed a memorandum in opposition to the motion.

{¶ 17} On May 18, Citizens filed a motion for the imposition of sanctions against Register or her attorney, Mason, for failure to attend the noticed deposition. Citizens also filed evidence in support of the motion. Neither Register nor Mason filed a timely response.

{¶ 18} In resolving these motions, we note that courts have broad discretion over discovery matters. *State ex rel. Abner v. Elliott* (1999), 85 Ohio St.3d 11, 16, 706 N.E.2d 765; *Toney v. Berkemer* (1983), 6 Ohio St.3d 455, 458, 6 OBR 496, 453 N.E.2d 700. This discretion, which is consistent with Civ.R. 26(C) and 37(D), applies to rulings on motions for protective orders and motions for sanctions. *Ruwe v. Springfield Twp. Bd. of Trustees* (1987), 29 Ohio St.3d 59, 61, 29 OBR 441, 505 N.E.2d 957; *Covington v. MetroHealth Sys.*, 150 Ohio App.3d 558, 2002-Ohio-6629, 782 N.E.2d 624, ¶ 24 ("The decision whether to grant or deny the protective order is within the trial court's discretion, and will not be reversed absent an abuse of that discretion"); *Vaught v. Cleveland Clinic Found.*, 98 Ohio St.3d 485, 2003-Ohio-2181, 787 N.E.2d 631, ¶ 13, quoting *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 662 N.E.2d 1, syllabus (" 'A trial court has broad discretion when imposing discovery sanctions' ").

{¶ 19} Register's motion for a protective order failed to comply with Civ.R. 26(C) because she did not include a statement reciting her effort to resolve the matter through discussion with Citizens' counsel. Therefore, we deny Register's motion for a protective order. *Dennis v. State Farm Ins. Co.* (2001), 143 Ohio App.3d 196, 200, 757 N.E.2d 849 (failure to comply with Civ.R. 26(C) requirement by filing statement of efforts to resolve the matter constitutes a sufficient reason to vacate a protective order).

{¶ 20} Under Civ.R. 37(D), if a party fails to appear before the officer who is taking the party's deposition after being served with a proper notice, "the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just * * *." Register claims that sanctions under Civ.R. 37(D) should not be imposed against her because she did not receive proper notice. Civ.R. 30(B)(1) "requires reasonable notice in writing" to the adverse party for a deposition upon oral examination. "In the absence of a specific time provision, what constitutes reasonable notice depends upon the facts and circumstances of each case and is a question of law to be determined by the court." *Davis v. Kent State Univ.* (Sept. 24, 1982), Portage App. No. 1173, 1982 WL 5654, * 1.

{¶ 21} Register's counsel received reasonable notice here. The parties had only 20 days following the court's issuance of an alternative writ to file evidence. Furthermore, Citizens' counsel attempted to gain approval for an agreed statement of facts. See S.Ct.Prac.R. X(7) ("To facilitate the consideration and disposition of original actions, counsel, when possible, should submit an agreed statement of facts to the Supreme Court"). Although the proposed facts submitted on May 7 and 8 by Hartman to Mason did not materially differ from most of the facts ultimately agreed to by the parties and jointly submitted to the court, Mason had rejected them. Mason also represented to Hartman that she would get her version of the proposed facts to him on Friday, May 11. When she did not do so, Hartman delivered a notice of the May 15 deposition to Mason's office and informed the administrative assistant of its time sensitivity. Mason did not check in with her assistant or return to her office until May 15. She also had not notified Hartman that she would be out of her office until May 15.

{¶ 22} Given these facts, Citizens gave Register sufficient notice of her May 15 deposition by hand-delivering the notice to Mason's office on May 11. Mason's argument to the contrary in the motion for a protective order is not supported by admissible evidence. S.Ct.Prac.R. X(7): *Cincinnati Bell,* 105 Ohio St.3d 177, 2005-Ohio-1150, 824 N.E.2d 68, at ¶ 20.

{¶ 23} Under Civ.R. 37(D), the court "shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances made an award of expenses unjust." The evidence establishes that Register's failure to attend the duly noticed deposition resulted from the conduct of Register's counsel instead of Register herself. In addition, Citizens has proven that it has incurred the following reasonable expenses by the failure of Register to obey the duly noticed deposition: court reporter fees ($97.43), copies for motion for sanctions ($110.50), postage for service of motion for sanctions ($4.60), and Federal Express delivery of copies of motion to court ($20.48). There is no evidence that Mason's conduct was substantially justified or that an award of these expenses would be unjust.

{¶ 24} Citizens has not, however, established entitlement to the requested attorney fees. Citizens introduced no evidence or argument that it has actually paid or is obligated to pay Hartman attorney fees in this case. Like an award of attorney fees under R.C. 149.43, an award of attorney fees as a sanction for a discovery violation must actually be incurred by the party seeking the award. See Civ.R. 37(D) (court shall require party failing to act or the attorney advising the party or both to pay the reasonable expenses, including attorney fees, "*caused* by the failure" [emphasis added]); cf. *State ex rel. Beacon Journal Publishing Co. v. Akron,* 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087,

¶ 62, and cases cited therein (no entitlement to attorney fees for prevailing party in R.C. 149.43 public-records mandamus action when there is no evidence that the party actually paid or is obligated to pay attorney fees).

{¶ 25} Based on the foregoing, we deny Register's motion for a protective order, grant Citizens' motion for sanctions, and order attorney Mason to pay Citizens $233.01 for its reasonable expenses incurred because of Register's counsel's failure to comply with the properly noticed deposition.

### Mandamus

{¶ 26} To be entitled to the requested extraordinary relief in mandamus, Register must establish a clear legal right to have Register prepare, file, and maintain full and accurate minutes, a clear legal duty on the part of Register to do so, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Martin v. Mannen,* 113 Ohio St.3d 373, 2007-Ohio-2078, 865 N.E.2d 898, ¶ 5.

{¶ 27} Ohio's Sunshine Law, R.C. 121.22, requires the preparation, filing, and maintenance of a public body's minutes. See R.C. 121.22(C) ("The minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained and shall be open to public inspection"). Once these minutes are prepared, Ohio's Public Records Act, R.C. 149.43, requires the public body to permit public access to the minutes upon request. *State ex rel. Fairfield Leader v. Ricketts* (1990), 56 Ohio St.3d 97, 101, 564 N.E.2d 486. Under R.C. 507.04(A), "[t]he township fiscal officer shall keep an accurate record of the proceedings of the board of township trustees at all of its meetings, and of all its accounts and transactions, including the acceptance of the bonds of township officers." In 2005, the General Assembly enacted 2005 Sub.S.B. No. 107, which amended R.C. 507.04 and many other provisions to replace "township clerk" with "township fiscal officer." In 2004, Register acted as the township clerk; she is now the township fiscal officer.

{¶ 28} All statutes relating to the same subject matter must be construed in pari materia. *State ex rel. Gains v. Rossi* (1999), 86 Ohio St.3d 620, 622, 716 N.E.2d 204. Construing R.C. 121.22, 149.43, and 507.04 in this manner, we find that Register has a duty to maintain a full and accurate record of the proceedings as well as the accounts and transactions of the board of township trustees. See, e.g., *State ex rel. Long v. Cardington Village Council* (2001), 92 Ohio St.3d 54, 56, 748 N.E.2d 58 ("Construing R.C. 121.22, 149.43, and 733.27 *in pari materia,* respondents, * * * [including] the village clerk * * *, have a duty to prepare, file, and maintain full and accurate minutes for council meetings, and to make them available for public inspection"); *White v. Clinton Cty. Bd. of Commrs.* (1996), 76 Ohio St.3d 416, 667 N.E.2d 1223, paragraph one of the syllabus ("R.C. 121.22, 149.43 and 305.10, when read together, impose a duty on all boards of

county commissioners to maintain a full and accurate record of their proceedings"); *Fairfield Leader,* 56 Ohio St.3d 97, 564 N.E.2d 486 (construing R.C. 121.22, 149.43, and 507.04 in pari materia to determine the compliance of certain local officials with their statutory duties).

{¶ 29} Citizens asserts that Register failed to comply with her duties under R.C. 507.04 because she certified resolutions that were inaccurate, i.e., they did not contain substantive provisions, they included the incorrect dates for passage, and in one instance, they contained inaccurate information concerning a board member's vote. "In construing a statute, our paramount concern is legislative intent." *State ex rel. Musial v. N. Olmsted,* 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 23. "Determining this intent requires us to read words and phrases in context and construe them in accordance with rules of grammar and common usage." *State ex rel. Russell v. Thornton,* 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 11.

### Register's Duties

{¶ 30} Register has a duty under R.C. 507.04 to "keep an accurate record of the proceedings of the board of township trustees at all of its meetings, and of all its accounts and transactions." The board's "proceedings" reflect the "business conducted by" it, and the board's "transactions" are the business it performs. Black's Law Dictionary (8th Ed.2004) 1241 and 1535. The terms used in R.C. 507.04 are of sufficient breadth to impose a duty on township fiscal officers, formerly called clerks, to keep an accurate record of the resolutions a board of trustees adopts in carrying out its business at meetings. Cf. R.C. 121.22(A) (Sunshine Law "shall be liberally construed"); *State ex rel. Consumer News Servs., Inc. v. Worthington City Bd. of Edn.,* 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 30 (Public Records Act must be liberally construed "in favor of broad access and [we] resolve any doubt in favor of disclosure").

{¶ 31} Nevertheless, the township fiscal officer has no duty under R.C. 507.04, 121.22, and 149.43 to certify resolutions that were not actually passed by a township board of trustees. "In mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty enforceable in mandamus." *State ex rel. Lecklider v. School Emps. Retirement Sys.,* 104 Ohio St.3d 271, 2004-Ohio-6586, 819 N.E.2d 289, ¶ 23; *State ex rel. Boccuzzi v. Cuyahoga Cty. Bd. of Commrs.,* 112 Ohio St.3d 438, 2007-Ohio-323, 860 N.E.2d 749, ¶ 18.

{¶ 32} Therefore, if the board prepares and approves a resolution that is inaccurate, the township fiscal officer has no duty to certify a resolution that corrects any perceived mistakes made by the board. Cf. *S.I. Dev. & Constr., L.L.C. v. Medina Cty. Bd. of Elections,* 100 Ohio St.3d 272, 2003-Ohio-5791, 798

N.E.2d 587, ¶ 18–25 (rejecting challenge to referendum petition based on claim that petition summary contained same mistakes as the resolution being contested).

{¶ 33} The evidence establishes that the majority of mistakes contained in the resolutions were made by the board itself—of which Citizens' counsel was a member during the period at issue—instead of by Register. For example, the board approved the forms for Resolution Nos. 04–006, 04–007, 04–018, and 04–019 that contained no substantive provisions. The board also adopted resolutions containing an incorrect date of passage within their text—Resolution Nos. 04–005, 04–006, 04–007, 04–016, and 04–017—but Register's certification of copies of Resolution Nos. 04–005, 04–006, and 04–007 specified the correct passage dates for them. Finally, the board approved a resolution that included an incorrect designation of which trustee seconded a motion to approve it and how that trustee voted—Resolution No. 04–024.

{¶ 34} By certifying these resolutions and including mistakes in them that had been approved by the board—including Citizens' counsel—Register accurately specified that the copies certified were of those resolutions actually passed by the board. In that regard, Register fully complied with her duties under R.C. 507.04, 121.22, and 149.43. Although some of the language approved by the board concerning when Resolution Nos. 04–005, 04–006, and 04–007 were passed did not comport with the certifications by Register reflecting the actual date of their passage, this inconsistency does not reflect any failure by Register to comply with the statutes; instead, Register's certifications of these resolutions recognize the actual text approved by the board—including the mistaken language concerning the date of passage—but reflect her sworn statements that the resolutions were actually adopted on a different date.

{¶ 35} Yet Register did make mistakes in her certification of certain resolutions. For example, she certified that Resolution Nos. 04–016 and 04–017 were passed by the board on August 10, 2004, instead of on August 2, 2004. Register also certified separate versions of Resolution Nos. 04–018 and 04–019 that were different from each other—one set reflected the blank forms without substantive provisions approved by the board and another set included substantive provisions.

{¶ 36} Therefore, because Register has no duty to correct mistakes in resolutions that were expressly adopted by the board, Citizens is not entitled to a writ of mandamus for most of the challenged inaccuracies. But Citizens is entitled to a writ of mandamus to compel Register to (1) correct her certification of Resolutions Nos. 04–016 and 04–017 to reflect that the board adopted these resolutions on August 2, 2004, and (2) correct her certification of conflicting copies of Resolution Nos. 04–018 and 04–019.

Mandamus—Including Annual Township Financial Statement in Board Minutes and Posting a Copy of Statement at Township Polling Places

{¶ 37} Citizens also requests a writ of mandamus to compel Register to make and enter into the board minutes an annual township financial statement and to post copies of the statement at each township polling place.

{¶ 38} Citizens relies on R.C. 507.07, which provides:

{¶ 39} *"Immediately after the township officers have made their annual settlement of accounts,* the township fiscal officer shall make and enter in the record of the proceedings of the board of township trustees a detailed statement of the receipts and expenditures of the township for the preceding year, the amount of money received and expended for such purposes in each district in the township, and the receipts and expenditures of the board of education of the local school district. The fiscal officer shall state from what source the moneys were received, to whom they were paid, for what they were expended, and, in detail, all liabilities. On the morning of the first Tuesday after the first Monday in November, each year, the fiscal officer shall post a copy of the statement at each place of holding township elections." (Emphasis added.)

{¶ 40} Under the plain language of R.C. 507.07, Register's duties to incorporate the annual township financial statement in the board minutes and to post copies of the statement at township polling places arises only "after the township officers have made their annual settlement of accounts." During Register's tenure as township clerk and township fiscal officer, the township officers never provided her with any document designated as an annual settlement of accounts.

{¶ 41} As the attorney general has opined, this "section is now obsolete and incapable of being given any operative effect" because previous code provisions requiring township trustees to settle accounts were "not carried into the later revisions of the code." 1957 Ohio Atty.Gen.Ops. No. 120. "It logically follows that where no action is taken by the trustees with respect to such matter the duty of the township clerk [now fiscal officer] with respect to the posting of the statement as required by Section 507.07, *supra,* becomes impossible of performance, since the statute only requires [the clerk or fiscal officer] to do so only 'immediately after the township officers have made their annual settlement of accounts.'" Id.

{¶ 42} Therefore, because there is no evidence establishing that the prerequisite for Register's duties under R.C. 507.07 ever occurred, Citizens is not entitled to the requested writ. Citizens' attempt to delete the statutory prerequisite and impose an unconditional duty on the part of Register and other township fiscal officers to include the annual financial statement in the board's minutes and to post copies at township polling places is unfounded. See, e.g., *State ex rel. Hulls*

*v. State Teachers Retirement Bd.,* 113 Ohio St.3d 438, 2007-Ohio-2337, 866 N.E.2d 483, ¶ 35 (court cannot add words to or delete words from statutes).

## Attorney Fees

{¶ 43} Citizens is not entitled to an award of attorney fees on its mandamus claims. For the most part, its claims lack merit. "We have never extended an award of attorney fees in public-records mandamus cases to encompass mandamus claims that are ultimately held to be without merit." *State ex rel. Lanham v. Smith,* 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 18; see, also, *State ex rel. Nix v. Cleveland* (1998), 83 Ohio St.3d 379, 385, 700 N.E.2d 12 ("Relators * * * are not entitled to an award of attorney fees [in a public-records mandamus case] because their records requests were largely meritless"). And insofar as Register improperly stated in her certification of Resolution Nos. 04–016 and 04–017 that they were adopted by the board on August 10, 2004—instead of August 2, 2004—the mistake was reasonable given the confusing language adopted by the board in these resolutions. In addition, the court's precedent concerning R.C. 121.22 and 149.43 has focused on the accuracy of minutes of proceedings rather than the ordinances or resolutions adopted in these meetings. See *State ex rel. Cincinnati Enquirer v. Daniels,* 108 Ohio St.3d 518, 2006-Ohio-1215, 844 N.E.2d 1181, ¶ 32 (attorney-fee award to prevailing party denied when cases raised novel legal issue).

## Conclusion

{¶ 44} We grant a writ of mandamus to compel Register to correctly certify that Resolution Nos. 04–016 and 04–017 were adopted by the board on August 2, 2004, and to correct the conflicting certified versions of Resolution Nos. 04–018 and 04–019. In all other respects, we deny the writ and deny Citizens' request for an award of attorney fees on its mandamus claim.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Curt C. Hartman, for relator.

Donald W. White, Clermont County Prosecuting Attorney, and H. Elizabeth Mason, Assistant Prosecuting Attorney, for respondent.