WILKINS, APPELLANT, v. SHA'STE, INC., APPELLEE.

2015-Ohio-477.]

(No. 2013–1794—Submitted January 13, 2015—Decided February 11, 2015.)

{¶ 1} The cause is dismissed as having been improvidently accepted.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, and KENNEDY, JJ., concur.

PFEIFER, FRENCH, and O'NEILL, JJ., dissent.

**PFEIFER, J., dissenting.**

{¶ 2} As can happen, something we said in one context, where it made sense, is being applied in another context, where it does not. In *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, 876 N.E.2d 913, ¶ 24, we stated that "an award of attorney fees as a sanction for a discovery violation must actually be incurred by the party seeking the award." In that case, there was an ongoing dispute involving compensated attorneys, and an award of attorney fees made sense only if additional fees had actually been incurred. Nothing in that opinion suggests that we were deciding the issue with respect to every situation involving discovery sanctions that might possibly arise in Ohio.

{¶ 3} Legal services can be rendered in Ohio by legal interns, including, as here, those working for a law-school clinic. Gov.Bar R. II. In that special context, legal fees are not allowed. Gov.Bar R. II(6) ("A legal intern shall not ask for or receive any compensation or remuneration of any kind from a financially needy client * * *.")

{¶ 4} The lower court's opinion, as allowed to stand, holds that discovery sanctions can never be granted when the prevailing party is represented by a

law-school clinic because attorney fees cannot be incurred by a clinic's client. Such a conclusion reads too much into *Register*, an opinion that had nothing to do with law-school clinics and legal interns. Moreover, the holding allows parties to commit discovery violations with some level of impunity. It is also contrary to Gov.Bar R. II(6), which states that a law-school clinic "may be awarded attorney fees for services rendered by the legal intern consistent with the Ohio Rules of Professional Conduct and as provided by law." Attorney fees as sanctions for discovery violations are attorney fees "provided by law."

{¶ 5} By dismissing the appeal as having been improvidently accepted, this court is implicitly endorsing a decision that allows attorneys opposing law-school clinics to commit discovery violations without fear of economic sanctions, subverting Gov.Bar R. II(6), and devaluing the efforts of hundreds of legal interns and licensed attorneys who provide pro bono legal services throughout this state.

{¶ 6} I would reach the merits of the case before us and reverse the judgment of the court of appeals. I dissent.

FRENCH and O'NEILL, JJ., concur in the foregoing opinion.

———————

Milton A. Kramer Law Clinic, Case Western Reserve University School of Law, and Andrew S. Pollis, for appellant.

Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging reversal for amici curiae Cleveland Academy of Trial Attorneys and Ohio Association for Justice.

Jones Day, David A. Kutik, Katie M. McVoy, and Chad A. Readler, urging reversal for amici curiae Legal Aid Society of Cleveland, Legal Aid Society of Greater Cincinnati, Legal Aid Society of Columbus, Legal Aid Society of Southwest Ohio, L.L.C., Legal Aid of Western Ohio, Inc., Advocates for Basic Legal Equality, Inc., Ohio State Legal Services Association, Southeastern Ohio Legal Services, Community Legal Aid Services, and Pro Seniors, Inc.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael Hendershot, Chief Deputy Solicitor, and Jeffrey Jarosch, Deputy Solicitor, urging reversal for amicus curiae state of Ohio.

Hahn, Loeser & Parks, L.L.P., and Derek E. Diaz, urging reversal for amicus curiae Hahn, Loeser & Parks, L.L.P.

Bolek Besser Glesius, L.L.C., and Matthew D. Besser, urging reversal for amicus curiae Bolek Besser Glesius, L.L.C.

Benesch, Friedlander, Coplan & Aronoff, L.L.P., and David C. Weiner, urging reversal for amicus curiae Benesch, Friedlander, Coplan & Aronoff, L.L.P.

The Chandra Law Firm, L.L.C., and Subodh Chandra, urging reversal for amicus curiae the Chandra Law Firm, L.L.C.

Roetzel & Andress, L.P.A., and Stephen W. Funk, urging reversal for amicus curiae Roetzel & Andress, L.P.A.

Calfee, Halter & Griswold, L.L.P., Christopher S. Williams, and Mitchell G. Blair, urging reversal for amicus curiae Calfee, Halter & Griswold, L.L.P.

Baker & Hostetler, L.L.P., and Thomas D. Warren, urging reversal for amicus curiae Baker & Hostetler, L.L.P.

Ulmer & Berne, L.L.P., and Melissa L. Zujkowski, urging reversal for amicus curiae Ulmer & Berne, L.L.P.

Thompson Hine, L.L.P., Kip T. Bollin, Stacey A. Greenwell, and Scott A. Campbell, urging reversal for amicus curiae Thompson Hine, L.L.P.

Frantz Ward, L.L.P., Gregory R. Farkas, and Bradley D. Reed, urging reversal for amicus curiae Frantz Ward, L.L.P.