BENJAMIN V. PAGE *vs.* JOHN J. JOHNSTON, JR.

Suffolk.     January 21, 1910. — February 24, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Damages,* In contract, Assessment by trial judge.   *Practice, Civil,* Findings of trial judge.

In an action to recover damages for the alleged breach of an agreement in writing for the exchange of real estate, whereby, among other things, the defendant agreed to sell and the plaintiff, who was described as the party of the second part, agreed to buy "the new three family apartment house . . . shown to the party of the second part all completely finished and all rented, 34–36–34 dollars per month," it appeared that in making the exchange under the contract this property at the request of the plaintiff was conveyed by the defendant to a

third person, and that later, when the plaintiff sold the property, it was conveyed by this third person to the purchaser. It further appeared that when the property was conveyed by the defendant two of the three apartments in the house were vacant, that one of these apartments the plaintiff never was able to let, up to the time he sold the property about four months after its purchase, and that the other vacant apartment remained unlet for three months, after which by incurring expense in employing a broker the plaintiff succeeded in letting it. *Held,* that the measure of damages was the difference between the value of the property in the condition in which it was represented by the contract to be and its value in its actual condition at the time of the delivery of the deeds under the contract, and that the fact that the deed of this property was made to another person at the plaintiff's request instead of to the plaintiff was immaterial; that the plaintiff was entitled to recover substantial damages, and that, upon the question of the value of the house when partly occupied as compared with its value when wholly occupied, all reasonable probabilities as to the length of the period which would elapse before the house would be wholly occupied and the probable loss of rents during that period properly might be considered. *Held, also,* that evidence as to the difficulty of procuring tenants and as to the loss incurred by the plaintiff in failing to procure them under the circumstances of the case might furnish the best standard for measuring the difference in value between the property as it was agreed by the defendant that it should be and as it actually was, and therefore properly might be considered.

Where a judge, before whom an action of contract is tried without a jury, finds for the plaintiff and assesses the damages in a certain sum without stating the rule which he adopted as to the measure of damages, it will be assumed that he proceeded upon the true rule.

CONTRACT for the alleged breach of an agreement in writing printed below. Writ dated February 15, 1909.

The agreement declared upon was as follows:

" Agreement made this 29th day of May, A. D. 1908, between John J. Johnston, jr., of Boston of the first part, and Benjamin V. Page of Brookline of the second part.

" The party of the first part hereby agrees to sell, and the party of the second part to purchase, a certain estate situated on Harvard Street and bounded as follows: Dorchester.

" Being the new three family apartment house nearest Talbot Ave. shown to party of the second part all completely finished and all rented, 34–36–34 dollars per month and pay the taxes of 1907 on the houses 58 Forest Street and 20 Langdon Street.

" Said premises are to be conveyed on or before 5th of June, 1908, by a good and sufficient deed of the party of the first part, conveying a good and clear title to the same free from all incumbrances except a first mortgage of $6250 and in consideration for such deed and conveyance the party of the second part agrees

to convey by a good and sufficient deed to the party of the first part a certain estate situated 58 Forest Street and 20 Langdon Street, Roxbury, bounded as follows: Free from all incumbrances except a first mortgage of $2200 on 20 Langdon Street and 58 Forest Street free and clear. Full possession of all said premises is to be delivered to the respective parties at the time of the delivery of the said deeds, the said premises to be then in the same condition in which they now are, reasonable use and wear of the buildings thereon alone excepted.

" The deeds are to be delivered and the consideration paid at the Registry of Deeds.

" In Witness Whereof the said parties hereto, and to another instrument of like tenor, set their hands and seals on the day and year first above written.

" John J. Johnston, Jr.<br>Benjamin V. Page."

The declaration was as follows:

" The plaintiff says that on or about May 29, A. D. 1908, he entered into a written agreement with the defendant, a copy of which is hereto annexed, and the plaintiff says that the house on Harvard Street in Dorchester exchanged by the defendant for property on Forest Street and Langdon Street in Roxbury as set out in said agreement was not in all respects completely finished and was not all rented at $34, $36 and $34 per month as required by said agreement; but that apartments 1 and 2 in said house were not rented; and the plaintiff says that he made all reasonable efforts to let said apartments, but was not able to let apartment 2 during the months of July and August, 1908, and was not able to let apartment 1 at any time until said house was sold in November, 1908; and the plaintiff says that he suffered the loss of rents, to wit, $72 for apartment 2 and $136 for apartment 1, and the further sum of $10 for securing a tenant for said apartment 2; and the plaintiff further says that he was obliged to make repairs to the value of $6.55 on said house:

" Wherefore the plaintiff says that the defendant owes him said sum of $224.55 as damages, with interest from November 1, 1908."

In the Superior Court the case was tried before *Raymond*, J.,

without a jury. It appeared that in pursuance of the agreement the defendant conveyed the Harvard Street property to one Joseph W. Murray, who by deed of June 6, 1908, conveyed it to Mrs. Page, the plaintiff's wife, but that the latter deed was never recorded; that Mrs. Page at the time of signing this agreement held the title to the Langdon Street property and Murray held the title to the Forest Street property; and that on June 5, 1908, they conveyed these two properties to the defendant. The defendant admitted signing the agreement with knowledge of the statement contained in it that the three apartments of the Harvard Street house all were rented at specified rents; he also admitted that the middle and lower apartments were not rented on May 29 or June 5, 1908.

The plaintiff testified that he never was able to let the lower apartment at any time up to November, 1908, when the Harvard Street property was sold by the plaintiff and was conveyed by Murray to the purchaser. The middle apartment was let in September, 1908, for $35 a month and then was occupied continuously until the sale of the property in November. The plaintiff used every effort he could to rent these two apartments and employed a broker through whom the middle apartment was let. He paid the broker $10 for his services.

At the close of the evidence the defendant asked the judge to make the following rulings:

"1. The plaintiff can recover only such damages as he has proved that he suffered personally.

"2. The plaintiff can recover only nominal damages.

"3. The plaintiff cannot recover in any event more than $10.

"4. The plaintiff cannot recover in any event more than $24.

"5. The plaintiff cannot recover anything for loss of rent.

"6. In any event the plaintiff cannot recover for more than one month's rent of the middle and lower suites.

"7. In any event the plaintiff cannot recover for more than two months' rent of the middle and lower suites.

"8. The plaintiff cannot recover anything for the work done and for which in all $6.25 was paid."

The judge made the eighth ruling requested, and refused to make any of the others. He found for the plaintiff and as-

sessed damages in the sum of $223.45. The defendant alleged exceptions.

*G. R. Swasey*, for the defendant.

*W. R. Bigelow*, for the plaintiff.

HAMMOND, J. The rule of damage was the excess of the value of the Harvard Street estate as it was represented to be over its value as it actually was, and to this excess the plaintiff was entitled immediately upon the delivery of the deeds passed under the agreement, irrespective of the question whether the deed was made to him or to some one at his request. *Morse* v. *Hutchins*, 102 Mass. 439, and cases there cited. The defendant could not relieve himself from the consequences of this rule by showing that the plaintiff had conveyed the property to some one else. Moreover the trial judge might have found upon the evidence that although the record title passed to Murray he held the property for the benefit of the plaintiff.

Upon the evidence it could not have been ruled as matter of law that applying the rule above stated the damage was merely nominal. A house filled with tenants may be an entirely different thing in value from a house only one third filled, and that may be so even if the tenants are simply tenants at will. A purchaser may be willing to take his chances as to whether tenants in a house already filled may leave, and not be willing to do so as to getting tenants for the unoccupied parts of a house only partly filled. The second, third, fourth, sixth and seventh requests were therefore properly refused.

The first and fifth requests present more difficulty. We understand the fifth request to be in substance that in estimating the damages no weight can be given to the loss of rent. As thus understood it could not have been given. Upon the question whether a house partly occupied is worth as much as a house wholly occupied, all reasonable probabilities as to the time when the house may be wholly occupied and the probable loss of rents during that time may be properly considered. The request was properly refused.

The first request was that the plaintiff could recover only such damages as he has proved that he suffered personally. If this request is to be understood as meaning that the plaintiff could recover only such damages as by the legal rule of damages he

suffered, of course it should have been given. But the request when interpreted in the light of the contention of the defendant is not to be understood in that sense. As one of the methods of arriving at his damages the plaintiff had introduced evidence of the trouble experienced in getting tenants for the unfilled portions of the house after the deed to Murray. · In the cross-examination of the plaintiff it became apparent that it was the position of the defendant that even if there was a loss of rents that was a loss not suffered by the plaintiff personally, because he was not the owner, and that such loss therefore could not be taken into consideration in estimating the damages. As thus understood the first request could not have been given.

The case was tried before the judge without a jury. The declaration sets out certain losses as elements of damage, and it is argued by the defendant that it substantially appears by the finding that the judge has adopted these losses as showing conclusively, as matter of law, the real damage.

But the rule of damages adopted by the judge is not stated. The declaration was in law a declaration to recover damages generally for breach of the contract. The presumption is that the judge proceeded upon the true rule, namely, the difference between the property as represented and as it was. It may well be that the evidence as to the difficulty in procuring tenants and the loss incurred by a failure to procure them was the best standard under the circumstances of this case by which to meas ure that difference.

*Exceptions overruled.*