Matthias, J.
 

 The “error in the admission of testimony as to the measure of damages” set forth in the journal entry of the Court of Appeals as one of the grounds upon which it based its reversal of the judgment of the trial court is predicated upon its conclusion, as disclosed by the opinion, that the trial court adopted and applied an erroneous rule as to the measure of damage, and that is the primary question presented to this court. Upon finding that the verdict was excessive the Court of Appeals would have been authorized to reverse the judgment of the trial court upon that ground alone, but for the fact that it had reversed a previous judgment in the same ease upon the weight of the evidence. If accompanied by a finding that the excessive verdict was induced by passion and prejudice, it had full authority to reverse, although a former judgment in the same case had previously been reversed upon the ground that the verdict was against the weight of the evidence.
 
 Waldron
 
 v.
 
 N. Y. Central Ry. Co.,
 
 106 Ohio
 
 St,
 
 371, 140
 
 N.
 
 E., 161. Although
 
 *352
 
 the opinion of the Court of Appeals indicated the view that passion and prejudice had induced the excessive verdict, such finding was not made by the court in its journal entry.
 

 We cannot agree that there was any error in the rule adopted and. applied by the trial court respecting the measure of damages. We deem that settled by uniform decision of the courts of last resort. Thompson on Real Property, Section 4310, and 4 Sutherland on Damages (4th Ed.), Section 1171, are in substantial accord in stating that the measure of damages, where a sale is procured by a vendor’s fraudulent representation, “is the difference between the actual value of the property at the time of the purchase and its value if the property had been what it was represented to be.” Numerous cases are cited supporting this proposition.
 

 As stated by our own court, the measure of damage in such cases is the difference between the actual value of the property at the time of purchase and sale and its value at that time, had the property been as it was represented to be.
 
 Linerode
 
 v.
 
 Rasmussen,
 
 63 Ohio St., 545, 59 N. E., 220. The same rule has been applied in cases such as this, where misrepresentation is made respecting the occupancy of apartments in an apartment house, or the amount of rentals being paid by the tenants thereof.
 
 Page
 
 v.
 
 Johnston, Jr.,
 
 205 Mass., 274, 91 N. E., 214, 215;
 
 Bunck
 
 v.
 
 McAulay,
 
 84 Wash., 473, 147 P., 33;
 
 Ettlinger
 
 v.
 
 Weil,
 
 184 N. Y., 179, 77 N. E., 31.
 

 In the case of
 
 Page
 
 v.
 
 Johnston, supra,
 
 the claimed misrepresentation was that all the apartments in a three-family apartment house were rented at a
 
 *353
 
 monthly rental stated, when, in fact, only one of the apartments was rented. The court there held that the measure of damage was the excess of the value of the property as represented over its value as it actually was. In the course of the opinion it was stated: “A house filled with tenants may be an entirely different thing in value from a house only one-third filled, and that may be so even if the tenants are simply tenants at will. A purchaser may be willing to take his chances as to whether tenants in a house already filled may leave, and not be willing to do so as to getting tenants for the unoccupied parts of a house only partly filled.” In that case evidence was introduced showing the trouble experienced in getting tenants for the unfilled apartments of the house. The reviewing court held that although the true rule applicable is the difference between the property as represented and as it in fact then was, yet that “it may well be that the evidence as to the difficulty in procuring tenants and the loss incurred by a failure to procure them was the best standard under the circumstances of this case by which to measure that difference.”
 

 Evidence of the character above indicated would have been competent, and presumably would have been permitted, had it been tendered, but the evidence in question was likewise competent to go to the jury to aid it in ascertaining the actual loss sustained by the plaintiff by reason of the claimed misrepresentation. The party guilty of fraud is to be charged with such damages as have naturally and proximately resulted therefrom.
 

 Although the damages awarded may appear large, this court does not weigh the evidence. Finding
 
 *354
 
 there was no error in the admission of the evidence, or in the submission of the questions of fact to the jury, the judgment of the Court of Appeals, reversing the judgment of the court of common pleas, is reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Kinkade, Robinson, Day and Allen, JJ., concur.
 

 Jones, J., dissents from the judgment.