**RAPPORT, Appellee,**

**v.**

**KOCHOVSKI, Appellant.**

[Cite as *Rapport v. Kochovski,* 185 Ohio App.3d 309, 2009-Ohio-6880.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2009CA00055

Decided Dec. 28, 2009.

310

James T. Robertson, for appellee.

Gregory J. Rufo and Mara C. Aman, for appellant.

FARMER, Presiding Judge.

{¶ 1} On October 12, 2007, appellee, James Rapport, refiled a complaint against appellant, Marjan Kochovski, for breach of contract and fraud arising from the sale by appellant to appellee of a four-unit residential apartment building. A bench trial commenced on July 17, 2008. By stipulation, appellee dismissed his breach-of-contract claim. By judgment entry filed September 18, 2008, the trial court found in favor of appellee on the fraud claim and awarded appellee $37,000

in compensatory damages. A separate hearing on attorney fees and punitive damages was held on December 16, 2008. By judgment entry filed February 13, 2009, the trial court awarded appellee attorney fees in the amount of $18,489 and punitive damages in the amount of $25,000.

{¶ 2} Appellant filed an appeal, and this matter is now before this court for consideration. Assignments of error are as follows:

## I

{¶ 3} "The trial court abused its discretion in finding defendant-appellant liable for fraud as such finding was against the manifest weight of the evidence."

## II

{¶ 4} "The trial court erred as a matter of law in its method of assessing and awarding compensatory damages to plaintiff-appellee."

## III

{¶ 5} "The trial court erred as a matter of law in awarding punitive damages and attorneys' fees to plaintiff-appellee."

## I

{¶ 6} Appellant claims that the trial court's finding that he was liable for fraud was against the manifest weight of the evidence as appellee failed to establish that he relied on the alleged fraudulent representations. We disagree.

{¶ 7} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. A reviewing court must not substitute its judgment for that of the trial court when there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614 N.E.2d 742.

{¶ 8} In *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101, paragraph two of the syllabus, the Supreme Court of Ohio found the elements of fraud to be as follows:

{¶ 9} "(a) a representation or, where there is a duty to disclose, concealment of a fact,

{¶ 10} "(b) which is material to the transaction at hand,

{¶ 11} "(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

{¶ 12} "(d) with the intent of misleading another into relying upon it,

{¶ 13} "(e) justifiable reliance upon the representation or concealment, and

{¶ 14} "(f) a resulting injury proximately caused by the reliance. (*Cohen v. Lamko, Inc.* (1984), 10 Ohio St.3d 167[, 10 OBR 500], 462 N.E.2d 407, followed.)"

{¶ 15} The elements of fraud must be established by clear and convincing evidence. Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118. The burden to prove fraud rests upon the party alleging the fraud. *First Discount Corp. v. Daken* (1944), 75 Ohio App. 33, 30 O.O. 319, 60 N.E.2d 711, paragraph seven of the syllabus.

{¶ 16} As a condition to the residential real estate purchase agreement, appellant was to provide a year-end financial statement for the prior two years. However, appellant provided only "Proposed Expenses," which represented one year.

{¶ 17} The "Proposed Expenses" indicated that the rents from the apartment units grossed $2,900 to $3,000 per month. Appellant admitted that this was his own statement. The amounts were consistent with the listing by Cutler GMAC Real Estate's Centralized Real Estate Information Services sheet, which listed the total gross rental income as $36,000. It was also consistent with what the realtor, Don Esber, was told by appellant, and with the cash-flow analysis including cost of utilities given to appellee's son, Frederick Rapport.

{¶ 18} During appellant's testimony, he claimed that the one-year financial report was only an estimate and that he never told Esber or anyone that the income was $2,900 to $3,000 a month or that rent for a two-bedroom apartment was $700 and rent for a three-bedroom apartment was $800. Appellant further claimed that he gave his 2003 and 2004 income-tax returns for the property to Esber. On cross-examination, appellee's attorney impeached appellant with his own deposition that contradicted his statements. Appellant further, à la Clinton's argument about the word "is," claimed he said "about" and the amounts were an estimate of the rents grossed.

{¶ 19} This inevitably led to the trial court's conclusion that appellant lacked credibility:

{¶ 20} "Based on the foregoing and Defendant's unequivocal testimony in his deposition and at trial that his tax returns were the actual figure for rents

received, Defendant's testimony regarding having provided Exhibit 4 only as a projection of income and the statement that he provided income tax returns is not credible.

{¶ 21} "Kochovski's subsequent testimony that the written statement concerning rental income was only an estimate intended to show what the property *could* generate if it were fully rented were made with a reckless disregard for the truth, are not credible, and even if true would have only been a half-truth."

{¶ 22} We review these facts as they reflect on the issue of fraud. Clearly, the trial court's decision that appellant made false representations with the intent to mislead is basically unchallenged. The only contrary evidence was appellant's own testimony, which the trial court found not to be credible. This finding by the trial court is substantiated in the record.

{¶ 23} The true gravamen of this assignment is whether appellee relied on the false statements and waived the issue of appellant's failure to provide a year-end financial statement for two years.

{¶ 24} The failure to provide two years' worth of financials is a "red herring" to the issue presented. It is clear that appellant's misleading and false statements about the rental income were consistently presented. To find that somehow appellee "waived" appellant's fraud would be inconsistent. Undoubtedly, if appellant had provided the required year-end financials for two years of income, it would have also been false.

{¶ 25} Appellee testified that he was searching for a property for his "retirement" and to facilitate a 1031 like-kind exchange. When appellee was provided with the income from the subject property, he used the information to receive advice from his accountant, Kevin Harris. Appellee's accountant testified that he presumed the income figures were correct.

{¶ 26} When appellant met appellee just prior to closing, he assured appellee that he had good renters. In fact, the tenants proved not to be "good renters." One three-bedroom unit was vacant. The other three-bedroom unit was occupied by a new tenant who did not have a lease, never paid, and was subsequently evicted. The tenants in the two-bedroom units never paid the correct amount and never paid in a timely manner. One of these tenants bartered rent in exchange for painting services. This occurred for approximately six months.

{¶ 27} Appellee stated that he relied on the income figures and the assurances that the tenants were "good." From the cited testimony, the trial court concluded that appellee relied on the given statements:

{¶ 28} "It has been proven by clear and convincing evidence that the false statements and omissions were material to the transaction in question.

{¶ 29} "It has been proven by clear and convincing evidence that Rapport relied on Kochovski's false statements and omissions and supplied Kochovski's written misrepresentation concerning rental income to his bank and accountant in reliance on the truth of the statement."

{¶ 30} We find that these conclusions of law are founded on credible and consistent evidence and have been established by clear and convincing evidence. The trial court's conclusions on fraud and detrimental reliance are supported by the evidence.

{¶ 31} Assignment of error I is denied.

## II

{¶ 32} Appellant claims that the trial court erred in the method of assessing and awarding damages. Specifically, appellant claims that no evidence was presented as to the actual value of the property at the time of sale vis-à-vis the price paid by appellee. Appellant also claims that the trial court erred in relying on the testimony of appellee as a lay witness in assessing damages. We disagree.

{¶ 33} In its conclusion of law No. 19, the trial court specifically rejected appellee's loss-of-income analysis:

{¶ 34} "This Court is specifically not awarding damages for lost rents due to the fact that the rents actually received by Rapport would be consistent with the true fair market value of the property."

{¶ 35} The trial court relied on the testimony of the ten-percent reduction in fair-market value once the true rents were established:

{¶ 36} "It has been proven that the damage sustained by Rapport as a result of Kochovski's fraudulent misrepresentations is the reduction of fair market value of the property by 10% or $37,000.00 less then (sic) what Rapport actually paid for the property."

{¶ 37} "Under the owner-opinion rule, an owner of real property, by virtue of his ownership and without qualification as an expert, is competent to testify to his property's fair market value. * * * The rule is based on the presumption that 'the owner of real estate * * * possess[es] sufficient acquaintance with it to estimate the value of the property, and his estimate is therefore received although his knowledge on the subject is not such as would qualify him to testify if he were not the owner.'" (Citations omitted.) *Cincinnati v. Banks* (2001), 143 Ohio App.3d 272, 291, 757 N.E.2d 1205.

{¶ 38} Further, "Evid.R. 701 permits a lay witness to testify in the form of an opinion if the opinion is 'rationally based on the perception of the witness' and is

'helpful to a clear understanding of his testimony or the determination of a fact in issue.' " Id.

{¶ 39} "The measure of damages resulting from a sale induced by a vendor's fraudulent representation is the difference between the actual value of the property at the time of the purchase and its value, had it been as represented." *Molnar v. Beriswell* (1930), 122 Ohio St. 348, 171 N.E. 593, syllabus.

{¶ 40} Under the trial court's decision, the fair-market value of the subject property is $333,000 ($370,000 minus $37,000). Appellee's testimony established that the rents for a full 12 months were $26,958 in 2006 and $32,485 in 2007. Using the percentage-of-income approach in determining value, the average income for 2006 and 2007 was $29,722, or a return on investment slightly over nine percent of value.

{¶ 41} We also note that no objection was raised to appellee's testimony as to the ten-percent reduction in value. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804; Crim.R. 52(B). In order to prevail under a plain-error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Long.* Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.

{¶ 42} We find that the simple computation of return on investment substantiates appellee's testimony and the trial court's decision.

{¶ 43} Assignment of error II is denied.

### III

{¶ 44} Appellant claims that the trial court erred in awarding punitive damages and attorney fees as there was no finding of actual malice. We agree.

{¶ 45} R.C. 2315.21 governs the recovery of punitive and exemplary damages in tort actions. In order to be awarded punitive damages, a plaintiff must show the following by clear and convincing evidence (R.C. 2315.21(D)(4)):

{¶ 46} "The actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate." R.C. 2315.21(C)(1).

{¶ 47} "Actual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill

will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174, syllabus.

{¶ 48} As pointed out by appellant, the parties met only once prior to the closing. We do not find the lack of personal knowledge of a particular person to be necessary. In products-liability cases, personal knowledge is not necessary.

{¶ 49} We find that the trial court's decision speaks only to the elements of fraud and is silent as to the elements of malice separate and apart from the fraud:

{¶ 50} "Kochovski's subsequent testimony that the written statement concerning rental income was only an estimate intended to show what the property *could* generate if it were fully rented were made with a reckless disregard for the truth, are not credible, and even if true would have been only a half-truth.

{¶ 51} "It has been proven that Kochovki's (sic) misrepresentations and actions are such that the imposition of punitive damages is warranted."

{¶ 52} It could be argued that because appellant knew that the timeliness of finding a suitable 1031 like-kind exchange was an issue, his actions were beyond those necessary for fraud. Appellant's apparent disregard of the truth at trial is also not sufficient to prove malice. However, when reviewing the transcript of the trial and the findings of fact by the trial court, we find no separate animus to establish malice.

{¶ 53} Assignment of error III is granted.

{¶ 54} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.

Judgment affirmed in part
and reversed in part.

WISE and EDWARDS, JJ., concur.