[Cite as *McCauley v. Layacona*, 2013-Ohio-3320.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| ROBERT J. McCAULEY, et al. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiffs-Appellants | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 12-COA-047 |
| MARK J. LaYACONA, et al. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No. 11-CIV-250

JUDGMENT:     Affirmed in Part; Reversed in Part and Remanded

DATE OF JUDGMENT ENTRY:     July 26, 2013


APPEARANCES:

For Plaintiffs-Appellants

CHARLES A. KENNEDY
KENNEDY, CICCONETTI, KNOWLTON
& BUYTENDYK
558 North Market Street
Wooster, Ohio 44691

For Defendant-Appellee Layacona

TIMOTHY E. POTTS
GOOD & POTTS
10 East Main Street
Ashland, Ohio 44805


For Defendants-Appellees Meyers

ANDREW A. KABAT
HABER POLK KABAT
737 Bolivar Road, Suite 440
Cleveland, Ohio 44115

*Wise, J.*

{¶1} Plaintiffs-Appellants Robert J. McCauley and Cynthia L. McCauley appeal the decision entered in the Ashland Common Pleas Court granting summary judgment in favor of Appellees Mark LaYacona, Tiffany Meyer and J.C. Meyer Co., Inc.

## STATEMENT OF THE CASE

{¶2} Mark J. LaYacona ("LaYacona") was the owner of certain real property located at 819 Twp. Road 2414, Loudonville, Ashland County, Ohio ("the Property"). The Property included an updated farmhouse built in 1920 with approximately 2904 square feet, 201 acres, a bank barn, a horse barn, and a shop with an attached pole barn.

{¶3} Tiffany Meyer ("Meyer") is a licensed real estate broker with her own personal company, J.C. Meyer Realtors. In January of 2007, she franchised with Howard Hanna.

{¶4} In the Spring of 2007, Meyer listed LaYacona's property for sale. She had previously listed the same property in about 2004 and still had information about the property in her files, including a survey. Meyer used the information from her files to prepare a brochure about the property, along with tax records and information she received directly from LaYacona. She also sent a professional photographer for up-to-date photographs. Additionally, she did a walk-through of the house and took nine room measurements herself.

{¶5} On December 13, 2007, Robert and Cynthia McCauley purchased the property "as-is" for $1,060,000.00 cash, and waived all relevant inspections. The

McCauleys were represented in this real estate transaction by real estate agent, Shirley Dillon of Landes & Landes.

{¶6} Prior to purchasing the property, Mr. McCauley visited the Property on five separate occasions, spending approximately 15 to 20 hours examining the subject property during these visits. (R. McCauley depo. at 30-31). Mr. McCauley walked the property and looked throughout the home and out buildings. *(Id.* at 31). Mr. McCauley testified that some "conditions and circumstances" prevented him from examining certain parts of the subject property but further stated that no one from Meyer prevented him from fully examining same. (R. McCauley Depo. at 35). The McCauleys never spoke directly with Meyer or LaYacona.

{¶7} Appellants contend that after the transaction closed, they learned from Ron Flickinger, the farmer who had been farming/leasing portions of the tillable land from Mr. LaYacona, that only 38 acres of the land was currently being farmed. (R. McCauley Depo. at 50). Appellants also contend that they learned from Mr. LaYacona that the barn did not have a separate, operational septic system, only a tank in the ground placed there without a permit. (*Id.* at 44). Appellants further contend that they discovered defects relative to the condition of the home and barn. *(Id.* at 138-144). Appellants claim the roof has a leak, the basement has an issue with water backing up into it because of a drain line connecting it to a pond, and further that the bank barn has a hole in the floor.

{¶8} Appellants filed a Complaint alleging a claim of fraud against Appellees J.C. Meyer Co., Inc. and Tiffany Meyer.

{¶9} Specifically, Appellants contend that Meyer made the following misrepresentations:

{¶10} 1. The property had "60 acres being farmed at $65 per acre."

{¶11} 2. The barn floor was in good shape.

{¶12} 3. There was a septic system for the workshop/pole building.

{¶13} 4. The residence of the property did not leak, no water intrusion or any water problems.

{¶14} On August 31, 2012, LaYacona and Meyer both separately moved the trial court for summary judgment on Appellants' claims.

{¶15} Meyer filed a Supplemental Motion for Summary Judgment on September 14, 2012, wherein the deposition testimony of Appellants' expert, Anthony Race, was specifically referenced and attached.

{¶16} Appellants then filed a Memorandum in Opposition to the Motions for Summary Judgment.

{¶17} On November 14, 2012, after briefing was completed, the trial court issued a Judgment Entry, granting summary judgment in favor of Meyer and LaYacona and against Appellants on the fraud claims. Two claims remained pending against Mark LaYacona after the trial court granted summary judgment on the fraud claims.

{¶18} On or about November 16, 2012, Appellants filed a Motion to Withdraw the Second and Third Causes of Action.

{¶19} On November 27, 2012, the trial court issued a Judgment Entry, granting Appellants' Motion to Withdraw and declaring that a final, appealable order existed.

{¶20} Appellants now appeal, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶21} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW  BY GRANTING SUMMARY JUDGMENT TO DEFENDANTS ON THE FRAUD CLAIMS FOR THE REASON THAT MATERIAL QUESTIONS OF FACT EXISTED FOR A JURY'S DETERMINATION.

{¶22} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO DEFENDANTS ON THE ISSUE OF DAMAGES FOR FRAUD."

### "Summary Judgment Standard"

{¶23} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36.  Civ.R. 56(C) provides, in pertinent part:

{¶24} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

{¶25} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶26} It is based upon this standard that we review Appellant's assignments of error.

**I.**

{¶27} In their First Assignment of Error, Appellants argue the trial court erred in granting summary judgment on their fraud claims. We agree.

{¶28} The doctrine of caveat emptor precludes a purchaser from recovering for a structural defect in real estate if "(1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." *Layman v. Binns,* 35 Ohio St.3d 176, syllabus (1988).

{¶29} Appellants contend that the doctrine does not apply in this case because Appellees fraudulently misrepresented the number of acres being farmed, the existence

of a septic system, the extent to which the house had issues with water intrusion problems in the basement, and the condition of the roof and the condition of the barn floor.

{¶30} "The elements of fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Burr v. Stark County Bd. of Comm'rs,* 23 Ohio St.3d 69 (1986), paragraph two of the syllabus.

{¶31} Regarding fraudulent concealment or nondisclosure, the Supreme Court of Ohio has held that "a vendor has a duty to disclose material facts which are latent, not readily observable or discoverable through a purchaser's reasonable inspection." *Binns,* 35 Ohio St.3d at 178. "Fraudulent concealment exists where a vendor fails to disclose sources of peril of which he is aware, if such a source is not discoverable by the vendee." *Bryk v. Berry,* 9th Dist. No. 07CA0045, 2008–Ohio–2389, ¶ 7. "The nature of the defect and the ability of the parties to determine through a reasonable inspection that a defect exists are key to determining whether or not the defect is latent." *Id.* A patent defect will not give rise to a claim of fraud against a seller. *Kramer v. Raterman,* 161 Ohio App.3d 363, 2005–Ohio–2742, ¶ 13 (1st.Dist.).

{¶32} To properly plead a claim for fraud, the plaintiff must: (1) specify the statement(s) claimed to be false; (2) state in the complaint the time and place where the statement(s) were made; and (3) identify the defendant claimed to have made the

statement(s). *Korodi v. Minot,* 40 Ohio App.3d 1, 4, 531 N.E.2d 318 (10th Dist.1987) citing *Goldman v. Belden,* 754 F.2d 1059, 1069–1070 (2d Cir.1985). These requirements are intended to place potential defendants on notice of the precise statement(s) being alleged as fraudulent, which is all that Civ.R. 9(B) requires. *Id.*

**{¶33}** The doctrine of caveat emptor, as embodied in an "as is" clause, "only applies * * * to patent defects: those which are readily discoverable to prospective purchasers on inspection. The purchaser does not likewise assume the risk of latent defects: those which are not readily discoverable. However, neither does the seller have a duty to disclose the existence of latent defects unless he knows of them." *Decaestecker v. Belluardo,* 2d Dist. Montgomery No. 22218, 2008–Ohio–2077, ¶ 37.

**{¶34}** The "As Is" clause in the purchase agreement in this case expressly provides that "Buyer acknowledges and agrees that the Property is conveyed 'AS IS, WHERE IS WITH ALL FAULTS AND VIRTUES", and that neither Seller, nor any Broker or REALTORS, has made any representations or warranties, either oral, written, expressed or implied, regarding the Property, including but not limited to: the condition of the roof, basement (structural or water seepage), furnace, air conditioning, well or septic system, electrical, plumbing and appliances. ***"

**{¶35}** Caveat emptor as reflected in "As Is" clauses does not apply if the seller engaged in fraudulent misrepresentation. *See Loya v. Howard Hanna Smyth, Cramer Co.,* 9th Dist. No. 24378, 2009-Ohio-448, ¶12-13. Furthermore, because a seller of real property in Ohio must complete a statutorily required form, disclosing "material matters relating to the physical condition of the property and any material defect relating to the physical condition of the property that is within the actual knowledge of the seller," an

"as is" clause may not shield a seller from liability for nondisclosure of a material, latent defect that is actually known to him. *Graber v. Emch,* 6th Dist. Sandusky No. S-11-018, 2012-Ohio-1395, ¶ 24-25, citing *Abrogast v. Werley,* 6th Dist. Lucas No. L-09-1131, 2010-Ohio-2249, ¶ 37-38.

**{¶36}** In this case, the only representation concerning the 60 acres being farmed was made in the marketing brochure prepared by Appellee Meyer. Appellee LaYacona never made any representations to Appellants concerning same and further stated in his deposition that when he reviewed the brochure in the Spring of 2007, he advised Appellee Meyer that there were not 60 acres being farmed at $65 per acre. (LaYacona Depo. at 15-17). He stated that in 2007, he received rent from Ron Flickinger for "either 30 acres at $65 or 35 acres at $60." (*Id.* at 11, 13).

**{¶37}** While Appellee Meyer argues that their expert determined that the property contains 68.13 acres of tillable land. While such may be the case, the representations made in the marketing brochure stated that the property had "60 acres being farmed at $65 per acre." It did not state that 60 acres of the land was tillable. We find this to be a material distinction as one is an actuality and one is a possibility.

**{¶38}** With regard to the shop/pole barn containing a "separate septic system for barn", such representation was also only made in the marketing brochure by Appellee Meyer. Again, Appellee LaYacona stated in his deposition that upon reviewing the brochure he advised Appellee Meyer that the brochure should not include anything about the barn's septic system because there was only a septic tank installed, and he had never applied for a permit for it. (LaYacona Depo. at 16-17).

**{¶39}** Concerning the hole in the barn floor, we find that such was readily observable through reasonable investigation. Appellants were never limited in their access to the residence or the out buildings. Appellants chose to forego their right to have the property inspected and proceeded with an "As Is" real estate purchase.

**{¶40}** We find that the same holds true as to the water intrusion issues in the basement and the roof. Appellee LaYacona stated on the Ohio Residential Disclosure Form that he had no knowledge as to "any current leaks or other material problems with the roof or rain gutters" and likewise had no knowledge of "any previous or current water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any below grade, basement or crawl space."

**{¶41}** While Appellants claim that they discovered a "water leak somewhere in that area (main parts of the house over top of the hallway) it cannot be determined exactly because there is a roof underneath the roof" (McCauley Depo. at 116-117). There is no evidence that Appellee LaYacona had any knowledge of such condition.

**{¶42}** Appellants also claim they have an issue with water backing up into the basement when the water level in the pond rises because the basement drain pipe, which empties into the pond, allows water to flow back into the house. However, no evidence exists to rebut Appellee LaYacona's statements, both in his deposition and on the Disclosure form, that he had no knowledge of this problem or that such had ever happened while he lived in the house.

**{¶43}** Appellants claim that prior to purchasing the property, they observed a water sediment ring on the basement floor but further admit that they assumed it was from a bucket of water having been dumped on the floor. (McCauley Depo. at 93-94).

Appellee LaYacona, in his deposition, supported that explanation by stating that he mopped the floor and hosed out the basement, which likely left such water marks on the basement floor. (LaYacona Depo. at 23-24). He further denied that the drain which ran from the house basement to the pond had ever caused water to back up into the basement.

{¶44} Again, Appellants had the opportunity to have any number or inspections performed and chose to go forward with the "As Is" sale, even having seen the water marks on the basement floor.

{¶45} Based on the foregoing, we find that summary judgment was not appropriate as to Appellants' claims against Appellees Tiffany Meyer and J.C. Meyer Co., Inc. as to the representations made in the marketing brochure stating the number of acres being farmed at $65 per acre and the existence of a separate septic system for the barn/shop building as questions of material fact exist as to whether Appellants justifiably relied on same. We find that summary judgment was appropriate as to the claims against Appellee Mark LaYacona as to the condition of the barn floor and water intrusion problems with the basement drain and the roof.

{¶46} Based on the foregoing, we sustain Appellants' First Assignment of Error as the claims against Appellee Meyer and overrule as to the claims against Appellee LaYacona.

**II.**

{¶47} In their Second Assignment of Error, Appellant argues the trial court erred in granting summary judgment on the issue of damages. We disagree.

**{¶48}** In the case sub judice, the trial court granted summary judgment in favor of Appellees on the issue of damages, finding:

**{¶49}** "While Mr. McCauley makes a self-serving statement of opinion that the property, in its present condition, possesses a fair market value substantially less than what plaintiffs paid for the property, an independent appraiser retained by plaintiffs indicates that the property, in its present condition, possesses a fair market value well in excess of what plaintiffs paid for the property."

**{¶50}** In his affidavit, Appellant Robert McCauley stated his opinion that the difference in the fair market value of the property from what he paid to the value after the sale, with all conditions known, was $104,150.

**{¶51}** We find that the trial court's holding that Appellant McCauley's opinion as to valuation was "self-serving" is in error. "Under the owner-opinion rule, an owner of real property, by virtue of his ownership and without qualification as an expert, is competent to testify to his property's fair market value. * * * The rule is based on the presumption that 'the owner of real estate * * * possess[es] sufficient acquaintance with it to estimate the value of the property, and his estimate is therefore received although his knowledge on the subject is not such as would qualify him to testify if he were not the owner.' " (Citations omitted.) *Cincinnati v. Banks,* 143 Ohio App.3d 272, 291, 757 N.E.2d1205, *Greig v. Wallick*, Tusc. County App. 2010AP090036, 2012-Ohio-77; *Rapport v. Kochovsk*i , 185 Ohio App.3d 309, 315-316.

**{¶52}** Further, "Evid.R. 701 permits a lay witness to testify in the form of an opinion if the opinion is 'rationally based on the perception of the witness' and is 'helpful

to a clear understanding of his testimony or the determination of a fact in issue.' " *Rapport v. Kochovski* 185 Ohio App.3d 309, 315-316.

**{¶53}** "The measure of damages resulting from a sale induced by a vendor's fraudulent representation is the difference between the actual value of the property at the time of the purchase and its value, had it been as represented." *Molnar v. Beriswell* (1930), 122 Ohio St. 348.

**{¶54}** In considering Appellants' affidavit as to the value of the subject property, we find that a question of fact exists as to the measure of damages.

**{¶55}** Appellants' Second Assignment of Error is sustained.

**{¶56}** For the foregoing reasons, the decision of the Court of Common Pleas of Ashland County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Gwin, J., and

Farmer, J., concur.

_____
HON. JOHN W. WISE

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

JWW/d 0716

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

ROBERT J. McCAULEY, et al.        :
                                     :

    Plaintiffs-Appellants        :

                                     :

-vs-                                  :          JUDGMENT ENTRY

                                   :

MARK J. LaYACONA, et al.        :

                                   :

    Defendants-Appellees     :          Case No. 12-COA-047

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

Costs to be split among the parties.

_____
HON. JOHN W. WISE

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER