[Cite as *Mazzurco v. Aeon Fin., L.L.C.*, 2016-Ohio-3324.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103537**

# MARK MAZZURCO, ET AL.

PLAINTIFFS-APPELLEES

vs.

# AEON FINANCIAL, L.L.C., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-833492

**BEFORE:** Celebrezze, J., Jones, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** June 9, 2016

**ATTORNEY FOR APPELLANT**

David N. Patterson
Patterson & Simonelli
33579 Euclid Avenue
Willoughby, Ohio 44094


**ATTORNEY FOR APPELLEES**

David A. Freeburg
McFadden, Freeburg Co., L.P.A.
6690 Beta Drive, Suite 320
Mayfield Village, Ohio 44143

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Appellant, Aeon Financial, L.L.C. ("Aeon"), appeals a judgment rendered against it for damages that resulted from a real estate transaction. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

**{¶2}** On September 29, 2014, M&I Properties Development, Inc. and its owner, Mark Mazzurco (collectively "M&I"), filed an action against Aeon, Patriot Land Title Agency, Ltd. ("Patriot"), Tony D'Eusanio, Jr., and Martha Neff. M&I asserted claims of negligence and misrepresentation against D'Eusanio and Neff; breach of contract and fiduciary duty, and negligence against Patriot; and breach of contract and warranty against Aeon. M&I's claims alleged that it endeavored to purchase a condominium unit using its realtor, D'Eusanio.

**{¶3}** The unit, located at 23823 Banbury Circle, Warrensville Heights, Ohio, was marketed by Neff on behalf of its owner, Aeon. Patriot handled the title work for the transaction. The unit to which Aeon had title was Unit D, but the unit shown to Mazzurco was actually a different unit in the building, Unit F. The property descriptions contained within the deeds for the building described the units according to letter, but the units were physically labeled using numbers. Aeon did not hold title to Unit F, but after the sale was completed, M&I took possession of Unit F, made improvements, and then discovered the issue approximately one year later.

{¶4} The trial court set a discovery schedule at a case management conference and ordered the parties to complete discovery by June 29, 2015. Aeon moved for additional time to propound its first set of interrogatories, which the trial court denied on January 26, 2015. On February 11, 2015, M&I moved the court to allow them to amend their complaint to assert an additional fraud claim against Aeon, which the court granted.

{¶5} On March 3, 2015, Aeon filed a motion for summary judgment. M&I responded in opposition. While the motion was pending, M&I filed a notice of partial dismissal indicating they had settled the claims against Patriot, D'Eusanio, and Neff. M&I also sought additional time to file expert reports and filed a motion to compel discovery. They asserted that Aeon was served with discovery requests including interrogatories and for production of documents in November 2014, to which no response had been received. They then served Aeon with a letter giving it until April 13, 2015 to respond or they would seek court intervention. Again, no response was received. On May 7, 2015, the court issued an order granting M&I's motion to compel. The court gave Aeon 15 days to comply, or "the failure of [Aeon] to comply with this order may result in sanctions as set forth in Civ.R. 37(B), including payment of fees and/or judgment being rendered."

{¶6} On May 22, 2015, M&I filed a motion to show cause asserting that Aeon had failed to comply with the court's order. The court scheduled a contempt hearing on June 29, 2015, and indicated that Aeon "must demonstrate cause why it should not be held in contempt of court for its failure to comply with this court's [May 17, 2015] discovery

order.  A failure to demonstrate cause at this hearing may result in sanctions under Civ.R. 37(B) including judgment being rendered."  The hearing was conducted and the court ordered Aeon to comply with M&I's discovery requests by July 10, 2015.

{¶7} On July 14, 2015, M&I filed a motion for sanctions for Aeon's failure to comply with the court's discovery orders.  Attached to the motion were Aeon's responses to discovery, which M&I felt were inadequate.  The court scheduled a hearing for August 11, 2015, and again warned Aeon that it must demonstrate that its responses were complete under Civ.R. 26 and that a failure to do so would result in judgment being rendered and attorney fees.  On August 19, 2015, that hearing took place.  Afterward, the court granted M&I's motion and rendered judgment in their favor and against Aeon. The court set a hearing to determine damages.

{¶8} After that hearing, it issued an order awarding damages to M&I in the amount of $13,050 and $3,028 in attorney fees.  Aeon then filed this appeal assigning two errors for review:

> I.    The trial court erred to the prejudice of [Aeon] by awarding compensatory damages in favor of [M&I] against [Aeon].
>
> II.   The trial court erred to the prejudice of [Aeon] by awarding [M&I] attorney fees against [Aeon] for alleged discovery disputes.

## II.   Law and Analysis

## A.   Damages Award

{¶9} Aeon first argues that the court erred in awarding damages to M&I.  Aeon claims there was no basis for an award of damages against it because it never had any

face-to-face dealings with Mazzurco. It further alleges that M&I was not harmed as a result of taking possession of the wrong condominium unit.

**{¶10}** This court, sitting en banc, has addressed the appropriate measure of damages for fraudulent misrepresentation in a real estate transaction. *Northpoint Properties v. Charter One Bank*, 8th Dist. Cuyahoga No. 94020, 2011-Ohio-2512. "[T]he appropriate inquiry is whether competent evidence of damages has been presented to establish with reasonable certainty an amount sufficient to fully and fairly compensate the aggrieved party." *Id*. at ¶ 36. This court went over the various methods of calculating damages in fraudulent misrepresentation cases and set forth, "it is recognized that the benefit-of-the-bargain rule may be an appropriate measure of damages when this measure can be established by proof in accordance with the usual rules of certainty in damages." *Id*. at ¶ 35, citing Restatement of the Law 2d, Torts, Section 549, Comments g & h. *See also Molnar v. Beriswell*, 122 Ohio St. 348, 352, 171 N.E. 593 (1930), citing *Linerode v. Rasmussen*, 63 Ohio St. 545, 59 N.E. 220 (1900) ("[T]he measure of damage in [fraudulent misrepresentation] cases is the difference between the actual value of the property at the time of purchase and sale and its value at that time, had the property been as it was represented to be.").

**{¶11}** Here, M&I presented evidence of the value of the condominium unit it was shown, $30,000, and the value of the unit it was actually conveyed, $11,000.[1] The court found awarding the difference between the two was an appropriate measure of damages.

---

[1] Mazzurco also paid roughly $11,000 in the transaction.

This, coupled with $7,800 for a year of lost rent that resulted, fairly compensated M&I according to the trial court.[2] The court used a longstanding method of calculating damages to arrive at an appropriate amount to make M&I whole. *See Northpoint*. Further, there is substantial, reliable evidence supporting the trial court's decision.

{¶12} Aeon argues that there is no evidence of fraud on its part so the court could not employ such a method for calculating damages. It goes on to argue there is no evidence of wrongdoing on its part at all, so the court should have awarded no damages.

{¶13} The trial court entered judgment in favor of M&I on all claims against Aeon as a sanction for violating numerous discovery orders. Aeon does not argue this was error. M&I's amended complaint alleged a fraud claim against Aeon. Therefore, Aeon was found liable for fraud. The trial court did not award punitive damages or attorney fees for fraud, but that does not negate the fact that the trial court entered judgment on all claims, including fraud. Aeon's argument that there was no evidence of fraud is disingenuous given that Aeon never provided appropriate discovery to M&I, and as a result, they were relieved of the responsibility of presenting such evidence.

{¶14} The court held a damages hearing where it indulged Aeon's attempt to establish that it was not culpable for any damages, but that was not the purpose of the hearing and M&I cannot be expected to present evidence as to liability where Aeon did not comply with discovery requests and that issue was previously resolved.

---

[2] The court deducted $13,750 from this amount to account for money M&I received when the other parties in the case settled.

**{¶15}** The real issue before this court is whether the trial court's damage award was supported by substantial, reliable evidence.   It was.

### B.   Attorney Fees

**{¶16}** Aeon next argues that there was no basis to award attorney fees to M&I as a result of Aeon's discovery violations.

**{¶17}** Civ.R. 37(D) provides in part:

> If a party * * * fails * * * to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, * * * the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule. In lieu of any order *or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure,* unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(Emphasis added.)

**{¶18}** Courts have broad discretion over discovery matters.   *State ex rel. Abner v. Elliott*, 85 Ohio St.3d 11, 16, 706 N.E.2d 765 (1999).   This discretion extends to sanctions imposed as a result of discovery violations under Civ.R. 37(D).   *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, 876 N.E.2d 913, ¶ 18, citing *Ruwe v. Springfield Twp. Bd. of Trustees*, 29 Ohio St.3d 59, 61, 505 N.E.2d 957 (1987); *Covington v. MetroHealth Sys.*, 150 Ohio App.3d 558, 2002-Ohio-6629, 782 N.E.2d 624, ¶ 24 (10th Dist.).   In order to have an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of

judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996).

{¶19} In its brief, Aeon makes the preposterous statement that "[n]othing, in the Record reveals that the Appellees made any reasonable effort to resolve the alleged disputed discovery." Appellant's brief at 6. While Aeon may wish to focus on its discovery responses that the court found inadequate, this ignores Aeon's intransigence from November 2014 to July 2015 and its complete failure to respond to prior repeated requests and orders.

{¶20} M&I filed their initial discovery requests in November 2014. They attempted to work with Aeon in receiving responses as evidenced by letters in the record. After no response, M&I sought the help of the court by filing motions to compel, show cause, and for sanctions. Aeon missed all the deadlines set by the trial court without providing any discovery except the final deadline of July 10, 2015. The court determined that these responses were inadequate and ordered judgment in favor of M&I as a sanction. Aeon's stated reason for failing to timely comply — it assumed an attorney that was initially working on the case but was later replaced sent appropriate discovery responses — is unavailing in the face of multiple orders and discovery hearings that occurred after the initial attorney withdrew.

{¶21} The attorney who originally represented Aeon withdrew from the case on March 11, 2015, and new counsel entered a notice of substitution on April 6, 2015. After that, Aeon failed to produce discovery in compliance with the court's motion to

compel, show cause order, and contempt hearing. Aeon finally provided discovery responses that were sent in July, which stated without explanation that the party answering the propounded interrogatories was the original attorney for Aeon that was removed from the case. This attorney was not an employee or representative of Aeon.

**{¶22}** At the damages hearing, M&I produced evidence in the way of invoices for the work their attorney did in the case. These itemized invoices documented the time the attorney spent in attempting to get discovery from Aeon. An attorney also testified to the reasonableness of the hours expended and the hourly rate of $225 to $250 that M&I's attorney charged in the representation. Aeon offered nothing to seriously counter this evidence. The trial court had a sufficient basis to award attorney fees in the amount of $3,028. The court did not abuse its discretion in awarding reasonable attorney fees incurred by M&I for Aeon's recalcitrance.

### III. Conclusion

**{¶23}** The trial court did not err in awarding M&I $13,050 in damages that resulted from the real estate transaction between M&I and Aeon. The court also did not err in awarding reasonable attorney fees in the amount of $3,028 to M&I as a result of Aeon's violations of the trial court's discovery orders.

**{¶24}** Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent out of this court to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

LARRY A. JONES, SR., A.J., and
MARY J. BOYLE, J., CONCUR